IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P.,<br>    805 Fifteenth St., NW<br>    Washington, DC 20005<br><br>and<br><br>SQUARE 706, L.L.C.<br>    4938 Hampden Lane, #305<br>    Bethesda, MD 20814<br><br>and<br><br>KENNETH B. WYBAN, Individually<br>    21 N Street, SE<br>    Washington, DC 20003<br><br>        Plaintiffs,<br><br>vs.<br><br>THE DISTRICT OF COLUMBIA,<br>    a Municipal Corporation<br>    c/o Attorney General<br>    John A. Wilson Building<br>    1350 Pennsylvania Avenue, NW<br>    Washington, DC 20004<br><br>and<br><br>ANTHONY A. WILLIAMS,<br>    in his official capacity<br>    c/o Attorney General<br>    John A. Wilson Building<br>    1350 Pennsylvania Avenue, NW<br>    Washington, DC 20004<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs Southeast Land Development Associates, L.P. ("SLDA"), Square 706, L.L.C., and Kenneth B. Wyban bring the following Complaint against Defendants, the District of Columbia and Mayor Anthony A. Williams (collectively, the "Defendants"):

## NATURE OF THE ACTION

1.  This is a civil action for equitable and other relief brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

2.  Absent Court intervention, Plaintiffs' property will be unlawfully confiscated by the Defendants without a valid public purpose and in blatant violation of law.

3.  Defendants claim to be taking this action pursuant to the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2004 (D.C. Code Ann. § 3-1401) and the Ballpark Omnibus Financing and Revenue Act of 2004 (D.C. Code Ann. § 10-1601) (collectively, "Ballpark Financing and Cost Trigger Legislation" or the "Legislation").

4.  This Legislation expressly defines the public purpose and need pursuant to which Defendants are permitted to confiscate Plaintiffs' property. Specifically, the District of Columbia City Council (the "Council") expressly determined that the public purpose is to build a ballpark on Plaintiffs' property *only* if, *inter alia*, the estimated cost of land acquisition and infrastructure does not exceed $165 million. If these costs exceed $165 million, then Defendants are *prohibited* from taking Plaintiffs' property because the Council's stated purpose does not exist.

5.  To assure that its public purpose is met, and before Defendants are permitted to seize Plaintiffs' property, the Council required the Defendants to perform, by May 15, 2005, a valid re-estimate of certain land acquisition and infrastructure costs for the specific site that

- 3 -

includes Plaintiffs' property. Defendants knowingly and consciously failed to perform a valid re-estimate as required in the Legislation. To the contrary, Defendants produced data that demonstrates that the costs of land acquisition and infrastructure will likely be at least ***$200 million dollars***, far higher than the $165 million limit, and therefore, well beyond the point where the Council said no valid public purpose justifies building a stadium on Plaintiffs' property. Under these circumstances, the Defendants are absolutely and specifically denied the power to seize Plaintiffs' property.

6. The Fifth and Fourteenth Amendments to the Constitution of the United States prohibit Defendants and others acting in concert with them from seizing Plaintiffs' property and from interfering with their liberty interest to pursue otherwise lawful activity on their property where either: (a) there is no legitimate public purpose for the seizure; or (b) the means by which the public purpose is being achieved are not rationally related to that purpose.

7. Defendants have established, implemented, and are aggressively engaged in a policy of confiscating Plaintiffs' property and interfering with their liberty and property interests, notwithstanding the lack of a legitimate public purpose that might otherwise justify such actions and notwithstanding that such actions have no rational relationship to any authorized public purpose.

8. Plaintiffs have no adequate remedy at law because no amount of compensation or other financial payment is sufficient to compensate Plaintiffs where the seizure of their property and the interference with their rights is prohibited by the Constitution.

9. Unless Defendants are enjoined from proceeding with their policy, Plaintiffs' Constitutional rights will continue to be violated.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 28 U.S.C. § 1331. This action arises under the Civil Rights Act, 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the Constitution of the United States, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Venue is appropriate in this Court under 28 U.S.C. § 1391(b). The Defendants reside in this district and a substantial part, if not all, of the events and acts giving rise to Plaintiffs' claims occurred within this judicial district.

## PARTIES

12. Plaintiff Southeast Land Development Associates, L.P. ("SLDA") is a limited partnership formed and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia. SLDA owns in fee simple the real estate and improvements located at 60-80 "O" Street, SE, Washington DC 20003, Square 703, Lot 53, and has owned such property since 1980. This property is located within the area bounded by N Street, SE, Potomac Avenue, SE, South Capitol Street, SE, and 1st Street, SE ("the primary ballpark site").

13. Plaintiff Square 706, L.L.C. is a limited liability company formed and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia. Square 706, L.L.C. owns in fee simple the real estate and improvements located at South Capitol Street, SE, Square 706, Lot 802, Washington, DC, 20003. This property is located within the primary ballpark site.

14. Plaintiff Kenneth B. Wyban owns in fee simple the property located at 21 N. St., SE, Washington, DC, 20003, Square 703, Lots 37, 38, and 39. Mr. Wyban currently resides at this address. This property is located within the primary ballpark site.

15. Defendant District of Columbia ("the District") is a municipal corporation with its principal place of business at 1350 Pennsylvania Avenue, NW, Washington, DC 20004.

16. Defendant Anthony A. Williams is the mayor of the District of Columbia. Defendant Williams works in Washington, D.C. and is being sued in his official capacity.

## FACTS

**A. The D.C. Council Enacts Legislation Determining that Confiscating Property at the Primary Ballpark Site to Build a Baseball Stadium is a Valid Public Purpose *Only* if the Estimated Acquisition Costs at the Site are Less than $165 Million.**

17. In December of 2004, the Council enacted the Ballpark Financing and Cost Trigger Legislation.

18. Section 105(a)(2) of the Legislation specifies that the physical boundaries of the "primary ballpark site" are "[t]he site bounded by N Street, S.E., Potomac Avenue, S.E., South Capitol Street, S.E., and 1st Street, S.E., or such other site as determined in accordance with subsection (b)(2) of this section if this primary site shall be unavailable to be acquired by the Mayor."

19. In enacting the Legislation, the Council expressly found that acquisition of the primary ballpark site will contribute to the social and economic well-being of the citizens of the District of Columbia and significantly enhance the economic development and employment opportunities within the District of Columbia *only* if the estimated costs of acquiring this site do not exceed a specific dollar cap.

20.    Specifically, the Council enacted two extraordinary and specific conditions that must be met before the Defendants have the authority to seize, or begin to seize, private property at the primary ballpark site. *First*, "[p]rior to May 15, 2005 . . . the Chief Financial Officer shall re-estimate the costs to the District for land acquisition and infrastructure and provide a report on this re-estimate to the Mayor and the Council." Ballpark Financing and Cost Trigger Legislation, § 107(d). *Second*, the authority to acquire land for this site cannot be exercised unless the re-estimate does not exceed the $165 million cost trigger. *See* Ballpark Financing and Cost Trigger Legislation, § 107(e) (collectively, hereafter "Conditions Precedent").

21.    The Council specified the components that must be included in the estimated "costs to the District for land acquisition and infrastructure" (hereafter, "acquisition costs"), including, among other things: (a) at least one separate appraisal of each parcel of land to be acquired; and (b) an estimate of the environmental remediation costs. Ballpark Financing and Cost Trigger Legislation, § 107(b).

22.    The Council further legislated that the Defendants are prohibited from moving forward to acquire the primary ballpark site if the acquisition costs exceed $165 million. According to Section 107(e) of the legislation:

> If the total amount of these re-estimated acquisition costs to the District exceeds $165 million, the primary ballpark site *shall* be deemed financially unavailable by the District pursuant to this title. Pursuant to this title, the Mayor and the Sports and Entertainment Commission *shall pursue replacement of the primary ballpark site with a substantially less costly site* in the District, subject to the approval of Baseball Expos, L.P., or its assigns or successors, in accordance with the Baseball Stadium Agreement. (Emphasis added.)

23.    Thus, through these two Conditions Precedent, the Ballpark Financing and Cost Trigger Legislation specifically expressed the Council's defined public purpose and goal pursuant to which the Defendants might be granted authority to seize private property for the

primary ballpark site. If the acquisition costs were too high, the Council determined that no legitimate public purpose would be served by seizing this private property, and that such seizure would not be a legitimate or rational means of achieving the defined public purpose that a baseball stadium might otherwise provide at this site. In such a case, the Defendants are prohibited from using this site and *must* consider an alternate site for the ballpark that is *substantially* less costly than the $165 million cap. *See* Ballpark Financing and Cost Trigger Legislation, § 107(e).

### B. Defendants Did Not Meet the Conditions Precedent that Are Necessary to Demonstrate the Valid Public Purpose that Would Give the Defendants the Authority to Confiscate Plaintiffs' Property.

24. In March 2005, Chief Financial Officer Natwar M. Gandhi claimed in a report titled "District of Columbia Office of the Chief Financial Officer Land Acquisition Cost Study, March 22, 2005" (hereafter "Report") that the acquisition costs for the primary ballpark site would be $161.35 million.

25. The purported "re-estimate" of the land acquisition costs fails to comply with the Legislation. For example, Section 107(b) provides that "[o]ne separate appraisal of each parcel of land to be acquired" *must be* performed as part of the re-estimate to be concluded by May 15, 2005. The Report does not contain a single appraisal of any of the 63 parcels of land to be acquired, even though Defendants admit that it was clearly possible to obtain such appraisals.

26. The "re-estimate" also fails to comply with Section 107(b)(2), which requires "an estimate of environmental remediation costs." Defendants assigned a remediation number ($8,002,640) that is devoid of supporting data or rationale, and is not a valid or technically defensible estimate developed in accordance with accepted professional standards.

27. Rather than complying with the law by conducting appraisals of each property to be seized in order to estimate land acquisition costs, Defendants created a fictional "aggregate

market value" for the entire ballpark site by comparing 13 "recent" sales of properties that are *not* to be seized. Most of these sales occurred long ago, and according to Defendants' own expert, do not provide a reliable indication of what any particular property located at the primary ballpark site will actually cost the District to acquire.

28. To the extent Defendants' data can be corrected and understood, it actually demonstrates that the estimated land acquisition portion of the total cost, as defined in the Legislation, is likely to result in minimum costs of acquisition and infrastructure of over $200 million, well beyond the $165 million cap.

29. The "Report" purporting to be the re-estimate is arbitrary, capricious, and inconsistent with law, unsupported by the record, and indefensible under and inconsistent with any reasonable set of professional standards that govern such estimates.

30. Notwithstanding the failure to obtain the required re-estimate, Defendants are not pursuing alternative, less costly sites, but rather are proceeding to appraise each property within the primary ballpark site in accordance with their announced intent and policy to confiscate Plaintiffs' land for the primary ballpark site. Defendants have implemented this policy and have repeatedly advised Plaintiffs of their intent, have publicly stated this intent, and are taking actions consistent with this intent.

31. As a direct result of the actions by the Defendants, Plaintiffs can no longer use their property as they have intended, can no longer accept other offers to purchase their property, and are being forced into an illegal process that will culminate in the seizure of their property — even though the constitutionally required public purpose for doing so, as defined by the Council, does not exist.

## COUNT I
### (42 U.S.C. § 1983: Violation by Each Defendant of Due Process Rights Guaranteed under the 5th and 14th Amendments to the U.S. Constitution)

32. Plaintiffs hereby repeat and reallege paragraphs 1 through 31 above, as if fully set forth herein.

33. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

34. The Fifth and Fourteenth Amendments to the United States Constitution are federal rights that prohibit the taking of life, liberty or property without due process.

35. Defendant District of Columbia is a "person" for purposes of this proceeding under 42 U.S.C. § 1983.

36. The Ballpark Financing and Cost Trigger Legislation are state laws for purposes of 42 U.S.C. § 1983.

37. Defendant Williams is acting under color of District law as he undertakes to seize Plaintiffs' property purportedly pursuant to the Ballpark Financing and Cost Trigger Legislation.

38. The Ballpark Financing and Cost Trigger Legislation Act does not authorize Defendants to take any action with respect to acquiring Plaintiffs' property for a ballpark site unless and until a valid re-estimate of certain costs has been completed by May 15, 2005, and the valid re-estimate does not exceed $165 million.

39. Defendants have failed to obtain by May 15, 2005, a valid re-estimate establishing that the costs of acquiring the primary ballpark site will not exceed $165 million.

40. The Council has determined that absent the required re-estimate, it is not in the public interest for Defendants to confiscate Plaintiffs' property for a professional ballpark, and that under these circumstances, the public purpose and need will only be served if this site is not pursued and instead alternative, less costly sites are considered.

41. Defendants' continued efforts to confiscate Plaintiffs' property bear no rational relationship to the public purpose of having a professional ballpark in the District that is explicitly prohibited from being located on such property.

42. Defendant District of Columbia has established, implemented and is engaged in a policy of seizing Plaintiffs' property even though the means chosen are patently irrational.

43. Plaintiffs have no adequate remedy at law. No amount of compensation can justify taking property where no valid public purpose exists to justify the taking or where such action has no rational relationship to any legitimate public purpose.

44. The actions described above are currently irreparably harming Plaintiffs and will continue to do so unless enjoined.

## COUNT II
### (42 U.S.C. § 1983: Violation by Each Defendant of Public Use Doctrine of the Fifth Amendment to the United States Constitution)

45. Plaintiffs hereby repeat and reallege paragraphs 1 through 44 above, as if fully set forth herein.

46. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

47. The Fifth and Fourteenth Amendments to the United States Constitution are federal rights that prohibit the taking of life, liberty or property without due process.

48. The Fifth Amendment to the United States Constitution prohibits Defendants from confiscating Plaintiffs' property unless there is a valid public purpose for doing so.

49. 42 U.S.C. § 1983 prohibits Defendants from depriving Plaintiffs of their Fifth Amendment rights while Defendants are acting through a custom or policy under color of state law.

50. Defendant District of Columbia is a "person" for purposes of this proceeding under 42 U.S.C. § 1983.

51. The Ballpark Financing and Cost Trigger Legislation are state laws for purposes of 42 U.S.C. § 1983.

52. Defendant Williams is acting under color of District law as he undertakes to seize Plaintiffs' property purportedly pursuant to the Ballpark Financing and Cost Trigger Legislation.

53. In the Ballpark Financing and Cost Trigger Legislation, the Council has clearly, specifically, and unconditionally determined that acquisition of Plaintiffs' property (and other adjacent properties) by Defendants for the primary ballpark site will serve a public purpose only if the re-estimated costs of doing so, reported before May 15, 2005, do not exceed $165 million.

54. The Ballpark Financing and Cost Trigger Legislation Act does not authorize the exercise of any authority to acquire Plaintiffs' property for a ballpark site unless and until a valid re-estimate of certain costs has been completed by May 15, 2005, and such valid re-estimate does not exceed $165 million.

55. Defendants have failed to obtain by May 15, 2005, a valid re-estimate establishing that the costs of acquiring the primary ballpark site will not exceed $165 million.

56. The Council has determined that under the circumstances described above, no valid public purpose is served by confiscating Plaintiffs' property.

57. Defendant District of Columbia has established, implemented, and is engaged in a policy of seizing Plaintiffs' property even though the Council has determined that there is no valid public purpose justifying such action.

58. Plaintiffs have no adequate remedy at law. No amount of compensation can justify taking property where no valid public purpose exists to justify confiscating private property.

59. The actions described above are currently irreparably harming Plaintiffs and will continue to do so unless enjoined.

### COUNT III
**(Violation by Defendant District of Columbia of the Public Use Doctrine of the Fifth Amendment to the United States Constitution)**

60. Plaintiffs hereby repeat and reallege paragraphs 1 through 59 above, as if fully set forth herein.

61. The Fifth Amendment to the United States Constitution applies directly to the Defendant District of Columbia.

62. The Fifth Amendment to the United States Constitution prohibits Defendant District of Columbia from confiscating Plaintiffs' property unless there is a valid public purpose for doing so.

63. In the Ballpark Financing and Cost Trigger Legislation, the Council has clearly, specifically, and unconditionally defined the circumstances under which acquisition of Plaintiffs' property (and other adjacent properties) by Defendants for the primary ballpark site will serve a public purpose: if the re-estimated costs of doing so, reported before May 15, 2005, do not exceed $165 million.

64. The Ballpark Financing and Cost Trigger Legislation Act does not authorize the exercise of any authority to acquire Plaintiffs' property for a ballpark site unless and until a valid re-estimate of certain costs has been completed by May 15, 2005, and the valid re-estimate does not exceed $165 million.

65. Defendants have failed to obtain by May 15, 2005, a valid re-estimate establishing that the costs of acquiring the primary ballpark site will not exceed $165 million.

66. The Council has determined that under the circumstances described above, no valid public purpose is served by confiscating Plaintiffs' property.

67. Defendant District of Columbia is undertaking to confiscate Plaintiffs' property even though the Council has determined that there is no valid public purpose justifying such action.

68. Plaintiffs have no adequate remedy at law. No amount of compensation can justify taking property where no valid public purpose exists to justify confiscating private property.

69. The actions described above are currently irreparably harming Plaintiffs and will continue to do so unless enjoined.

WHEREFORE, Plaintiffs Southeast Land Development Associates, L.P., Square 706, L.L.C., and Kenneth B. Wyban respectfully pray that judgment be entered against Defendants for the following relief, in the alternative as necessary:

- A. A declaration that Defendant District and Defendant Williams have each violated the Civil Rights Act by seeking to deprive Plaintiffs of their liberty and property in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

- B. A declaration that Defendant District of Columbia has violated Plaintiffs' Fifth Amendment rights by seeking to confiscate Plaintiffs' property without a valid public purpose.

C. An injunction prohibiting each Defendant, and persons acting in concert with them, from taking any further action to confiscate or otherwise acquire Plaintiffs' property.

D. Costs and attorneys fees incurred in pursuing these claims; and

E. Such other and further relief as the Court may deem appropriate.

Dated: July 15, 2005

Respectfully submitted,

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP

*Barry M Hartm*
Barry M. Hartman (D.C. Bar No. 291617)
Charles L. Eisen (D.C. Bar No. 003764)
Christopher E. Dominguez (D.C. Bar No. 460141)
Kirkpatrick & Lockhart Nicholson Graham LLP
1800 Massachusetts Avenue, NW
Washington, DC 20036
(202) 778-9000
(202) 778-9100 (fax)

*Counsel for Plaintiffs*