IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., SQUARE 706, L.L.C., and KENNETH B. WYBAN<br><br>Plaintiffs,<br><br>vs.<br><br>THE DISTRICT OF COLUMBIA,<br><br>and<br><br>ANTHONY A. WILLIAMS,<br><br>Defendants. | Civil Action No. _____ |

## APPLICATION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Southeast Land Development Associates, L.P. ("SLDA"), Square 706, L.L.C., and Ken Wyban (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby seek a Preliminary Injunction enjoining the Defendants and all those acting in concert with them from taking any action to seize or otherwise acquire Plaintiffs' property that is located within the area known as the "primary ballpark site" as that term is defined in Section 105(a)(2) of the Ballpark Omnibus Financing and Revenue Act of 2004 ("Act"), until such time as the Court has ruled on the merits of the Complaint.

Plaintiffs are entitled to preliminary injunctive relief. First, Plaintiffs are likely to succeed on their claims that Defendants' conduct violates their constitutional rights protected by the Fifth and Fourteenth Amendments. Defendants have deliberately failed to abide by the Act's

requirement that Defenants show that the cost of acquiring the primary ballpark site will not exceed $165 million. The District of Columbia City Council has specifically determined that under these circumstances there is no valid public purpose to be served by confiscating Plaintiffs' property for a ballpark. Confiscating private property notwithstanding the lack of any legitimate public purpose violates the Fifth Amendment Public Use clause. Further, Plaintiffs' substantive due process rights are violated because there is no rational relationship between Defendants' conduct of seizing Plaintiffs' property for a ballpark site and the law pursuant to which they claim to be acting, which prohibits the use of the property for this purpose.

Plaintiffs will suffer irreparable harm if preliminary relief is not provided. Defendants have stated their unequivocal and unconditional intent to take Plaintiffs' property and have started that process. If Defendants confiscate Plaintiffs' property without having a constitutionally-permissible reason for doing so, no compensation paid to Plaintiffs after the fact can repair that harm.

No third parties will be harmed by granting preliminary relief. In fact, the citizens of the District will be protected against the adverse financial impact caused by Defendants' unlawful conduct.

Accordingly, under LCvR 65.1, Plaintiffs respectfully request that the Court expedite this Application and hold a hearing on the matter within twenty days. Counsel for Plaintiffs has been in contact with counsel for Defendants, who indicated no objection to an expedited hearing and further indicated his availability for a hearing during the week of August 1, 2005 if convenient for the Court. Plaintiffs also request that, pursuant to Rules 57 and 65(a)(2) of the Federal Rules of Civil Procedure, the Court consider advancing and consolidating the trial on the merits with

the Preliminary Injunction hearing. This is necessary and appropriate and in the interest of judicial economy.

An expedited hearing is in the public interest. The Agreement between Defendants and the MLB contains strict time frames by which certain actions must be taken to prepare for and construct any new baseball stadium. This includes the obligation to own the property where a stadium will be built by no later than December 31, 2005. If Defendants are permitted to continue down a path that leads only to the primary ballpark site – and it turns out they were wrong in doing so, as Plaintiffs assert – this could create grounds pursuant to which Major League Baseball can terminate its agreement that would permanently place a baseball team in the District.

Accordingly, for the reasons fully set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs respectfully request issuance of a preliminary injunction.

KIRKPATRICK & LOCKHART NICHOLSON
GRAHAM LLP

*[signature]*

Barry M. Hartman (D.C. Bar No. 291617)
Charles L. Eisen (D.C. Bar No. 003764)
Christopher E. Dominguez (D.C. Bar No. 460141)
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000

*Counsel for Plaintiffs*

July 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Application for Preliminary Injunction, Plaintiffs' Memorandum in Support of Application for Preliminary Injunction, Preliminary Injunction Order and Notice Regarding Exhibit Attachment were hand-delivered this 15th day of July, 2005, to:

Honorable Anthony A. Williams
Mayor, District of Columbia
c/o Attorney General
Attn: Daniel Rezneck
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

The District of Columbia
c/o Attorney General
Attn: Daniel Rezneck
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004

_____
Barry M. Hartman