# Appendix D

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ROBERT SIEGEL, INC., et al., :
:
              Plaintiffs, :
:
v. :     Civil Action No. 05ca2770
:     Calendar 6
DISTRICT OF COLUMBIA, :     Judge Alprin
:
              Defendants. :

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFFS' MOTION FOR AN EXPEDITED ANSWER, PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY, AND DEFENDANT'S MOTION TO QUASH DR. GANDHI'S DEPOSITION AND FOR A PROTECTIVE ORDER

Plaintiffs filed a single-count complaint against defendant District of Columbia on April 11, 2005, seeking to enjoin the District "from pursuing the proposed Baseball Stadium Site as the site for the new ballpark". Plaintiffs either own properties or operate businesses within the proposed stadium site, located in the southeast quadrant of the city not far from the Navy Yard Metro station. They claim that the re-estimate performed by the Chief Financial Officer of the District as a result of legislation enacted by the District of Columbia Council "was not conducted in good faith and the costs associated with land acquisition, environmental remediation and infrastructure are likely to far exceed the $165 million statutory cap." Under the legislation, the re-estimate had to conclude that such costs would be less than $165 million or the proposed stadium site would

become "unavailable" to the District and a different stadium site would have to be located.[1]

Currently before the court are the District's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, plaintiffs' Opposition, and defendant's Reply.[2] Defendant attacks the complaint on several grounds, notably the plaintiffs' lack of standing; the lack of ripeness of their complaint; the fact that since there is an adequate remedy at law available to plaintiffs, there is no basis for injunctive relief; and that the legislation invoked creates no private right of action in these individual plaintiffs. Plaintiffs counter that they have standing as they will lose their businesses if their properties are taken under the District's eminent domain authority or otherwise, the matter is ripe as the District's property manager for the ballpark site acquisition program has advised them by letter of April 26, 2005, that the District contemplates making an offer of "just compensation" to them as early as July, 2005, that, in any event, it "requires possession of your client's property by December 31, 2005, and as such, it will be necessary for him and his tenants to move no later than December 31, 2005," and that there is no adequate remedy at law available because there is no way to raise the alleged violation of the re-estimation statute

---

[1] The "legislation" as used herein consists of two Council Acts, the Ballpark Omnibus Financing and Revenue Act of 2004 (Act 15-717) and the Private or Alternative Stadium Financing and Revenue Act and Cost Trigger Emergency Act of 2004 (Act 15-718). It is the latter of the two Acts that contains the $165 million cap.

[2] Also pending are three motions which are either moot or become moot in light of the decision reached herein: Plaintiffs' Motion for an Expedited Answer, their Motion for Expedited Discovery (a deposition of the District's Chief Financial Officer on April 25, 2005); and defendant's Motion to Quash Dr. Gandhi's Deposition and for a Protective Order. Because of their mootness, each will be denied.

2

in the context of an eminent domain contest as title to the property will have passed to the District by the time such a proceeding is litigated.

After reviewing the motions papers and hearing oral argument on the motion to dismiss, the court has concluded that 1) plaintiffs have an adequate remedy at law, contained in the provisions of the District of Columbia eminent domain law, D.C. Code §§ 16-1301 et seq., see SCR Civ. R. 71A; 2) plaintiff's claim is not ripe for decision by this court, as the District has not attempted to invoke its eminent domain powers, although that procedure certainly seems to be on the horizon; and 3) the legislation in question does not create a right of action in favor of private citizens to redress perceived violations of statutory requirements that the re-estimation study be performed in a fair and competent manner.

First, it is axiomatic that in order to invoke the equity powers of the court and obtain injunctive relief, a plaintiff must establish that he or she has no adequate remedy at law. Here, plaintiffs dispute the right of the District government to acquire their property, and suggest that they cannot raise issues concerning the faulty re-estimation of the land acquisition and associated costs of the ballpark site except in the context of an equity proceeding seeking injunctive relief. The District responds that Rule 71A(e) specifically affords them such an opportunity in its direction that the answer to the eminent domain complaint that may be eventually filed by the District pursuant to D.C. Code §16-1311 "state all

3

the defendant's objections and defenses to the taking of the property."[3] Be that as it may, the court's view is that an adequate remedy at law is provided and that remedy is plaintiffs' right to obtain "just compensation" for their properties and businesses pursuant to the Fifth Amendment to the United States Constitution and the District's eminent domain statute. Plaintiffs' rights in this situation are no more and no less than just compensation, as that term is used in the Fifth Amendment and countless eminent domain decisions at the state and federal level. Assuming an appropriate exercise by the government of its eminent domain authority, the statute provides a remedy for a property owner in the sense that it precludes the taking of private property by the government for less than just compensation. But that is the limit of the remedy provided. A landowner may attempt to negotiate with the government an appropriate compensation or may refuse to negotiate, as plaintiffs here seem to be doing. But it is clear that if the property owner refuses to negotiate or cannot reach an agreement on compensation with the government, the remaining remedy is an eminent domain proceeding if one is instituted by the government, where a court will determine just compensation.

In the court's opinion, the availability of a monetary remedy for the threatened taking of plaintiffs' properties precludes the exercise by the court of its equity power and bars injunctive relief.

---

[3] The District's assertion that plaintiffs may raise the objections to the validity of the re-estimation study in the context of an eminent domain proceeding seems questionable in light of the concluding sentence of Rule 71A(e), but even if the assertion is incorrect it would seem to be irrelevant in light of the court's conclusion, see infra, that the legislation itself does not allow a private challenge to the validity of the re-estimation study.

4

Second, this case is in no way ripe for decision by way of injunctive relief. Even if the existence of a monetary remedy did not preclude injunctive relief, the court would conclude nevertheless that plaintiffs' action was premature. There is no guarantee that eminent domain proceedings regarding plaintiffs' properties will ever be instituted. Indeed, the statute requires that at least an attempt to negotiate a satisfactory price be made before an eminent domain complaint can be filed. D.C. Code §16-1311. Plaintiffs cannot speed the proceedings to the point of ripeness by refusing to negotiate just compensation or refusing to participate in the property appraisal process, also a prerequisite to the filing of a complaint. The 7th Circuit's analysis in <u>Patel v. City of Chicago</u>, 383 F.2d 569, 574 (7th Cir. 2004) is on point on the question of ripeness in a situation where eminent domain proceedings have not been instituted. The court held there that "[b]ecause the Plaintiffs have suffered no injury and will only do so if and when the City fails to compensate them justly for their properties, their claim is not ripe for review." Only where the plaintiffs had tried to obtain just compensation without success "through procedures provided by the state for obtaining such compensation" would the court be in a position to exercise its jurisdiction. <u>See Williamson Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172 (1985).

These principles are well-known and not subject to challenge in this proceeding. Plaintiffs' injunctive action is barred because an adequate remedy at law exists – an eminent domain proceeding instituted by the government by complaint. That remedy is not yet ripe, and may never be, because it may never be invoked by the District of Columbia.

Furthermore, even if these elementary principles did not operate to preclude plaintiffs' direct challenge to the underpinnings of the ballpark site acquisition program, an additional powerful basis exists for concluding that the action cannot be maintained, and that is that the two acts governing the site acquisition program create no private right of action in individual citizens like plaintiffs that would permit them access to this court to challenge the program. To that question the court now turns.

Third, the court agrees with defendant's analysis on this point, and indeed the result is inescapable that these individual plaintiffs have no private right to contest the conduct of the re-estimation study conducted pursuant to Council direction by the District's Chief Financial Officer. The three considerations outlined in the recent D.C. Court of Appeals case of Coates v. Elize, 768 A.2d 997 (D.C. 2001), a prisoner suit challenging "administrative segregation" or solitary confinement, seem equally to bar plaintiffs' complaint as they did to plaintiff in Coates. There is no support for the proposition that plaintiffs are specifically intended beneficiaries of two legislative acts by which the Council sought to limit site acquisition costs to $165 million or less. Certainly none can be found in the language of the acts. Rather, the intended beneficiaries are all the citizens of the District, not individual owners of properties or operators of businesses within the proposed stadium site. Moreover, there is no indication of any legislative intent to create a private right of action for these plaintiffs. And finally the court cannot infer that the underlying purposes of the legislation are consistent with an intent of the Council to create such a right of action for these

6

plaintiffs. The defendant observes that "it would be nonsensical in the extreme to infer that the Council intended to confer on private parties like Plaintiffs the ability to undo all that was authorized in the Act . . . by providing the Plaintiffs with a private right to enjoin the District's exercise of its power of eminent domain," def't's Memo. at 15, and it does appear to the court that to do so would require a rather gigantic stretch. See also Cort v. Ash, 422 U.S. 66 (1975).

In conclusion, the court deems it unnecessary to reach other points raised by defendant on justiciability, jurisdiction and standing. It is sufficient to conclude, as the court has, that the equity power of this court is unavailable to these plaintiffs because an adequate remedy is or will be available to them, that in any case it would be premature to entertain plaintiff's complaint on the merits because it is not ripe for adjudication, and, finally, that these plaintiffs have no private ability to contest the validity of the re-estimation study conducted under the legislation. For these reasons, defendant's Motion to Dismiss pursuant to SCR Civ. R. 12(b)(6) will be **GRANTED**.

As indicated earlier, see fn. 2 supra, plaintiffs' Motion for an Expedited Answer, plaintiffs' Motion for Expedited Discovery, and defendant's Motion to

Quash Dr. Gandhi's Deposition and for a Protective Order are **DENIED AS MOOT.**

**SO ORDERED**, this \_\_15\_\_ day of June, 2005.

　　　　　　　　　　　　　　　　　Geoffrey M. Alprin
　　　　　　　　　　　　　　　　　(Associate Judge)
　　　　　　　　　　　　　　　　　Signed in Chambers

cc:

Dale A. Cooter, Esq.
Suite 500
5301 Wisconsin Avenue, NW
Washington, DC  20015

Daniel Rezneck, Esq.
Senior Assistant Attorney General
For the District of Colubmia
441 4th Street, NW
Suite 6600N
Washington, DC  20001

Office of the Attorney General
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Suite 407
Washington, DC  20004