**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al.  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>THE DISTRICT OF COLUMBIA, et al.  )<br>)<br>Defendants.  )<br>) | Civil Action No. 05-1413 (RWR) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO
PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiffs Southeast Land Development Associates, L.P. ("SLDA"), Square 706, L.L.C., and Kenneth B. Wyban respectfully submit this Memorandum in Opposition to Defendants' Motion for Extension of Time to File an Opposition to Plaintiffs' Application for Preliminary Injunction.

Plaintiffs filed their Application for Preliminary Injunction on July 15, 2005. Plaintiffs served the Application, the Complaint and a full set of Exhibits on each Defendant as required under the Federal Rules of Civil Procedure. (*See* Exhibit A, Proofs of Service dated July 15, 2005.) Plaintiffs called Defendants' counsel and advised him of this service, and also sent him courtesy electronic copies of the key pleadings before service was effected. Accordingly, under LCvR 65.1(c), Defendants had until July 22, 2005 (5 business days) to file their opposition.

Defendants told Plaintiffs on July 15, 2005, that they would be filing a Motion to Dismiss and indicated that they might need an extension of time to file the Opposition, perhaps until Tuesday, July 25, 2005. Plaintiffs offered Defendants three options to achieve this. (*See* Exhibit

B.) Since Defendants' request would cause a hearing on the Application to occur at the end of or even after the twenty-day period during which time the hearing on the Application must be held under LCvR 65.1(d), Plaintiffs suggested that the Court be contacted on Tuesday, July 19, 2005, to ensure that whatever schedule the parties agreed to would be acceptable to the Court.  (*See* Exhibit C.)  In return, Plaintiffs only requested appropriate assurances that Defendants would not take action between the filing of the Application and the hearing that might prejudice Plaintiffs' rights.

Defendants rejected every offer that Plaintiffs made to accommodate an extension. Defendants' counsel never once during these conversations suggested that service of pleadings was defective or that these alleged service problems prejudiced counsel's ability to respond. Rather, Defendants' counsel asserted that the only reason an extension was needed was to permit him to file a Motion to Dismiss.  Under these circumstances, as explained in more detail below, Defendants have failed to meet the good cause standard required for an enlargement of time under Fed. R. Civ. P. 6(b), and Defendants' Motion should therefore be denied.  In addition, since briefing on Defendants' Motion to Dismiss cannot be completed prior to the twenty-day period during which time, under LCvR 65.1(d), a hearing on Plaintiffs' Application must be held, and since such briefing will unnecessarily divert the parties' and the Court's attention from the Application, Plaintiffs request that the Court advise the parties that the Motion to Dismiss will be heard in due course, separately from, and after the Application.

Defendants' Memorandum in Support of Their Motion for Extension of Time ("Defendants' Memorandum" or "Defs.' Mem.") offers five excuses to justify the Motion for Extension: (1) Defendants' counsel did not receive a "full set of papers" until July 20; (2) Plaintiffs' filing and service was not "complete" until July 21, 2005, because they substituted an exhibit; (3) Defendants' counsel was too busy drafting the Motion to Dismiss; (4) the level of

review required by Defendants takes time; and (5) this is an important case.  None of these reasons provide good cause for the Court to grant Defendants' Motion.

First, Defendants' assert that defense counsel did not receive a full set of papers until Wednesday, July 20.  (Defs.' Mem. ¶ 6.)  This is wrong.  Service was effected on July 15, 2005.  (*See* Ex. A.)  On the same day, Defense counsel had actual knowledge of the filing and service of the Complaint by virtue of a call from Plaintiffs' counsel.  Defense counsel also actually received courtesy copies of the Complaint, the Application, and the Memorandum in Support on July 15, 2005.  (*See* Exhibit D), (Defs.' Mem. ¶ 2.)  Rule 65.1(c) does not say that the five days begins to run from the time defense counsel receives a full set of papers; it says the five days run "after service" on defendants.  Further, during the repeated conversations when Plaintiffs were trying to obtain agreement from Defendants regarding a schedule, defense counsel never suggested that service was not effected on July 15, nor did he even hint of any prejudice.  Defense counsel also did not make such a suggestion during our conversation with the Court's Clerk on July 19, 2005.  Moreover, in addition to sending courtesy copies of the pleadings to defense counsel, Plaintiffs' counsel offered to provide defense counsel with every exhibit through electronic means at defense counsel's request.  Defense counsel requested only Exhibits 2, 3, 4, 6, 9, 10, 12, and 13, because he stated that he had ready access to the others.  The exhibits were immediately sent to defense counsel upon request through electronic means. (Defs.' Mem. ¶ 3.)  Thus, the statement that defense counsel did not receive a "full set" until July 20 is disingenuous, and insufficient grounds for an extension.

Second, Defendants argue that filing and service were not complete until July 21, 2005, because Plaintiffs substituted one Exhibit (Exhibit 7).  The Exhibit at issue is Defendants' own legislation.  Defendants can hardly argue the substitution of one version of their own legislation for another somehow caused them the inability to file an opposition in a timely fashion,

especially when their own Motion to Dismiss and supporting papers refer to it repeatedly.  (*See* Exs. A and B to Defendants' Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Docket # 7).  Further, Defendants cite absolutely no authority for their contention that the substitution of a corrected Exhibit re-starts the time of filing or service where the Exhibit is a statute, and Defendants claim no prejudice.

Third, Defendants argue that in this "major" case, only one attorney is assigned, and he was spending his time drafting a Motion to Dismiss.  (Defs.' Mem. ¶ 9, 11.)  This provides no grounds for this Court to find cause shown to extend the time for filing.  When Defendants first informed Plaintiffs that Defendants intended to file a Motion to Dismiss on July 22, 2005, rather than an Opposition as required under LCvR 65(c), Plaintiffs were concerned that such action would potentially cause unnecessary delay and confusion with respect to the preliminary injunction hearing, thereby causing prejudice to Plaintiffs.  During a phone conference with the Court's career clerk on Tuesday, July 19, to discuss scheduling issues, Defendants repeated their likely intent to seek and extension of time beyond the five days provided from in LCvR 65(c) so that they could file the Motion to Dismiss.  The clerk indicated a preference for the timely filing of the Opposition.  The parties agreed that they would try and work out a filing and briefing schedule that would work for the parties, be consistent with the Court's schedule, and not delay the preliminary injunction hearing or prejudice Plaintiffs' rights in the interim.

Consequently, Plaintiffs put forth three separate scheduling proposals on a conditional and tentative basis that would have permitted full briefing of both the Application and the Motion to Dismiss prior by August 2.  (*See* Ex. B.)  Plaintiffs' concern – and the reason the proposal was tentative and conditional – was that Defendants are rapidly implementing their policy of acquiring or seizing Plaintiffs' (and other) property at the primary ballpark site.  Thus,

- 4 -

Plaintiffs asked for written assurance from Defendants that they would not take any action regarding the primary ballpark site (where Plaintiffs' property is located) that might prejudice Plaintiffs, at least until this Court held a hearing on Plaintiffs' Application.  Defendants' counsel stated that as far as he knew, Defendants did not plan on acquiring or seizing such property prior to the hearing, but avoided making any commitment.  Defendants either ignored or rejected all three offers by Plaintiffs.  Finally, at approximately 4:02 p.m. on July 22, 2005, Defendants stated in writing that they would not agree to any "stand still" agreement.  (*See* Ex. E.)

If Defendants are permitted to file on July 27, 2005, then briefing on Plaintiffs' Application will not be complete until August 3, 2005 (the date Plaintiffs' Reply brief would be due).  The twenty-day period during which the preliminary injunction hearing must be held expires on August 5, 2005.  Plaintiffs' Opposition to Defendants' Motion to Dismiss is not due until August 5, 2005, and full briefing on Defendants' Motion to Dismiss will not be complete until August 12, 2005, well after the twenty-day period that the hearing on the Application must take place.  Defendants should not be permitted to use their dilatory tactics to force Plaintiffs to divert their attention and resources to the Opposition to the Motion to Dismiss, while simultaneously preparing their Reply to the Opposition to the Application, and preparing for the hearing on the Application.  In the meantime, Defendants continue their inevitable march toward seizing Plaintiffs' property illegally.

Defendants' final two excuses, that there is a long review time within the District bureaucracy, and that this is an "important case," deserve little response.  If this case is as important as they claim, and not just a local land use case, Defendants have plenty of resources, experience and ability to address it in a timely fashion that meets the requirements of the Federal Rules of Civil Procedure.

Finally, Defendants comment that "the present law suit will somehow jeopardize the future of baseball in the District, as well as the interests of many residents of the District, particularly its youth," (Defs.' Mem. at ¶ 13), is absurd.  Defendants have had the legal authority and obligation since at least May 15, 2005, if not before, to consider alternative sites for the ballpark.  If they fail or choose to ignore their own law, it is their action, and their action alone, that could have the consequences they allege.

         Respectfully submitted,

         KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP

         *Barry M. Hartman*

         _____
         Barry M. Hartman (D.C. Bar No. 291617)
         Charles L. Eisen (D.C. Bar No. 003764)
         Christopher E. Dominguez (D.C. Bar No. 460141)
         1800 Massachusetts Avenue, N.W.
         Washington, D.C.  20036
         (202) 778-9000
         *Counsel for Plaintiffs*

July 25, 2005