

**Kirkpatrick & Lockhart Nicholson Graham LLP**

1800 Massachusetts Avenue, N.W.
Suite 200
Washington, DC 20036-1221
202.778.9000
Fax 202.778.9100
www.klng.com

July 22, 2005

Barry M. Hartman
202.778.9338
Fax: 202.778.9100
bhartman@klng.com

**Via Email, Facsimile and First Class Mail**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
441-4th Street, NW, 6th Floor South
Washington, DC 20001

      RE:   *Southeast Land Development Associates, L.P., et al v. District of Columbia, et al*
             Case No. 1:05CV01413 (RWR)

Dear Dan:

     As we discussed, a condition of our agreement to extend the time for filing your Opposition to our Application for Preliminary Injunction, and for having a hearing at the end of, or just beyond, the twenty-day period required by LCvR 65.1(d), is that we have appropriate assurances that your client will not take action in the interim that will in any way prejudice our clients' rights or claims. We have made several suggestions to you for a standstill agreement that would address our concerns, and in each instance you have rejected those suggestions, including the language in our June 28, 2005, letter to the Attorney General. I asked that you propose language, but have not heard from you.

     Based on our conversations, and to avoid any misunderstanding, we expect your clients to abide by the following principles:

     1.    Your clients will not take any action to enter "into any obligation to acquire or purchase any property" at the "primary ballpark site" as described in the Ballpark Omnibus Financing and Revenue Act of 2004 and the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2005 until after the hearing on our Motion for Preliminary Injunction.[1]

     2.    Your clients will not make any offers to purchase or acquire, or otherwise begin negotiating for the purchase of the parcels of land located in the footprint of the "primary ballpark site," as that term is defined in the above-referenced legislation, until after the hearing on our Motion for Preliminary Injunction.

---

[1]    Obviously, the Court will determine what your clients may or may not do after the hearing.



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Daniel A. Rezneck
July 22, 2005
Page 2

    3.    Nothing in these principles precludes your client from pursuing alternative sites as provided for in the above-referenced legislation.

Unless I hear otherwise from you, I will assume that your client agrees to these "standstill" principles.

                            Sincerely,

                            Barry M. Hartman
                            Counsel for Plaintiffs
                            Southeast Land Development Associates, L.P.,
                            Square 706, L.L.C. and Kenneth B. Wyban

BMH:tep