UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SOUTHEAST LAND DEVELOPMENT     )
ASSOCS. et al.,                )
                               )
        Plaintiffs,            )
                               )
     v.                        )    Civil Action No. 05-1413 (RWR)
                               )
DISTRICT OF COLUMBIA et al.,   )
                               )
        Defendants.            )
_____)
```

**<u>SUPPLEMENT TO ORAL ORDER OF AUGUST 5, 2005</u>**

Plaintiffs own property in an area that is the primary site for a proposed ballpark and sought an injunction to prohibit the District of Columbia from entering into any obligations to acquire property in the primary site. In an oral ruling on August 5, 2004, the Court denied plaintiffs' application for a preliminary injunction following oral argument. The Court found that the plaintiffs had failed to show that (1) they faced injury that was imminent, certain or irreparable; (2) the public interest or balance of harms favored granting the injunctive relief sought; or (3) they had a substantial likelihood of success on the merits. An argument plaintiffs advanced on the merits was that emergency legislation deprived the District of any authority to acquire plaintiffs' property and voided any valid public purpose in support of it unless (1) the District's

-2-

Chief Financial Officer ("CFO") conducted appraisals of the targeted parcels in the manner required by the legislation and (2) the CFO's project cost re-estimate did not exceed $165 million. They argued that the CFO did not conduct appraisals, that the CFO's cost re-estimate of $161.4 million was flawed and too low, and that plaintiffs would be deprived of property without substantive due process if the District proceeded with the property acquisition.

The parties articulated a variety of formulations of the standard for showing a substantive due process violation, including an "executive abuse of power . . . that . . . shocks the conscience," (Def.'s Mot. to Dismiss at 21 (citing <u>Sacramento v. Lewis</u>, 523, U.S. 833, 846 (1998))), an action "that fails to serve any legitimate governmental purpose [and] may be so arbitrary or irrational that it runs afoul of the Due Process Clause," (Pl.'s Mem. in Supp. of App. for Preliminary Injunction at 22 ("Pl.'s Mem.") (citing <u>Lingle v. Chevron</u>, 554 U.S. – (2005), Slip. Op. at 12)), and "egregious government misconduct" that represents "a deliberate flouting of the law that trammels significant personal or property rights."  (<u>Id</u>. at 22 (citing <u>George Washington University v. District of Columbia</u>, 381 F.3d 203, 209 (D.C. Cir. 2003)).)  Under any of the proffered formulations, an allegation that the CFO did conduct a re-

-3-

estimate of the project cost, but reached a property valuation in a way that did not precisely conform with the method prescribed by the legislature, does not rise to the level of a substantive due process violation claim.  Particularly in light of the CFO's detailed explanation of the methods used in valuing the subject parcels and conducting the project re-estimate (see Pl.'s Mem., Ex. 11, Letter from Natwar M. Ghandi, CFO, to Hon. Linda W. Cropp, Council Chairman, April 25, 2005), plaintiffs fell far short of demonstrating a likelihood of showing that the District's proceeding with the property acquisition would shock the conscience, or fail to serve any legitimate governmental purpose, or constitute a deliberate flouting of law.

  SIGNED this 8th day of August, 2005.

              /s/
            RICHARD W. ROBERTS
            United States District Judge