IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENTS ASSOCIATES, L.P *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, *et al.* <br><br> Defendants. | Civil Action No. 05-1413 (RNR) |

### MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS DISTRICT OF COLUMBIA AND ANTHONY A. WILLIAMS IN SUPPORT OF MOTION FOR A STAY OF DISCOVERY PENDING DECISION BY THE COURT ON DEFENDANTS' MOTION TO DISMISS

Defendants District of Columbia and Mayor Anthony A. Williams have moved to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The motion to dismiss has been fully briefed by both sides. It is ripe for decision by the Court.

If the motion to dismiss is granted, discovery prior to the Court's decision will result in an unnecessary expenditure of the time, resources, and energy of the parties and the Court. To avoid such an unnecessary expenditure, courts in this and other jurisdictions routinely grant motions to stay discovery until a dispositive motion is decided by the trial court.

In at least two major cases before Your Honor, such a motion has been granted. <u>Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority</u>, 201

F.R.D. 1 (D.D.C. 2001); Patriot, Inc. v. American Association of Retired Persons, Civ. Act. No. 98-0872 (RWR/DAR), Order of February 15, 2000, attached as Exhibit A.

In the Chavous case, U.S. Magistrate Judge Robinson, to whom Your Honor had referred discovery disputes for resolution, ruled that all discovery "will be stayed pending determination of the parties' dispositive motions." 201 F.R.D. at 2. Magistrate Judge Robinson gave a comprehensive discussion of the law governing such stay motions, as follows:

> "It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery. See, e.g., Brennan v. Local Union No. 639, Int'l Bhd. Of Teamsters, Chauffers, Warehousemen and Helpers, 494 F.2d 1092, 1100 (D.C. Cir. 1974); FED. R. CIV. P. 26. It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion:
>> "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."
> Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted) see Ladd v. Equicredit Corp. of Am. No. CIV.A. 00-2688, 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990)." 201 F.R.D. at 2.

Magistrate Judge Robinson quoted a leading decision on the point by Judge Oberdorfer of this Court:

> "In accordance with this broad discretion, this court (Oberdorfer, J.) has observed that:
>> "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending. [citing Anderson v. United States Attorneys Office, No. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)]."

Magistrate Judge Robinson continued:

> "A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources. [citing Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979 (citations omitted)]." 201 F.R.D. at 2.

In <u>Patriot, Inc., supra,</u> Magistrate Judge Robinson, again acting on a referral from Your Honor, found:

> ". . . the resolution of the motions to dismiss may obviate the need for some, or all, of the discovery they now seek. A stay of discovery in the circumstances presented here is thus an appropriate exercise of the court's discretion to conserve the resources of the parties." Exhibit A at 2-3.

This Court in <u>Patriot, Inc.</u> denied the plaintiffs' motion to lift the stay ordered by Magistrate Judge Robinson. See Exhibit A, Order of February 15. 2001.

The cases here and elsewhere in the country following the principles enunciated above are legion. See, e.g., <u>Institute Pasteur v. Chiron Corp.,</u> 315 F. Supp.2d 33, 37 (D.D.C. 2004) (Bates, J.); <u>American Constitutional Coalition Found. v. Federal Bureau of Prisons,</u> 1989 U.S. Dist. Lexis 6888 (D.D.C. 1989) (Gasch, J.) ("[I]t would be unduly burdensome to require defendants to proceed with discovery until the Court resolves the threshold questions of standing and subject matter jurisdiction" and rules on defendants' motion to dismiss; discovery stayed); <u>Clifton Terrace Associates v. United Technology Corp.,</u> 1989 U.S. Dist. Lexis 8787 at 1 (D.D.C. 1989) (Gasch, J.) ("[P]ostpon[ing] discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions . . . is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources [citing<u>Coastal States Gas Corp. v. Dep't of Energy,</u> 84 F.R.D. 278, 282 (D. Del. 1979]"); <u>Brennan v. Local Union No. 639,</u> 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); <u>White v. Fraternal Order of Police,</u> 909 F.2d 512, 517 (D.C. Cir. 1998); <u>Moldea v. The New York Times,</u> 137 F.R.D. 1 (D.D.C. 1990); <u>O'Brien v. Avco Corp.,</u> 309 F. Supp. 703, 705 (S.D.N.Y. 1969); <u>cf.</u>

3

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Herbert v. Lando, 441 U.S. 153, 177 (1979); Chagnon v. Bell, 642 F.2d 1248, 1266 (D.C. Cir. 1980).

This Court should follow this compelling and uniform line of authorities, grant the motion for a stay of discovery, and proceed to decide the Defendants' motion to dismiss the Complaint.

Dated: October 12, 2005

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General in Charge of the Civil Division

EDWARD TAPTICH
Section Chief, Equity II

/s/_____

DANIEL A. REZNECK 31625
Senior Assistant Attorney General
for the District of Columbia
441-4th St., N.W., 6th floor South
Washington, D.C., 20001
Attorney for Appellee
(202) 724-5691

4