# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRIOT, INC., et al.,

    Plaintiffs,

    v.

AMERICAN ASSOCIATION OF RETIRED
PERSONS, et al.,

    Defendants.

Civil Action No. 98-0872
RWR/DAR

**FILED**

FEB 15 2000

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Plaintiffs, in this action, allege that defendants have conspired to force them from the reverse mortgage market; to fix prices; and otherwise to violate the antitrust laws. Defendants have moved to dismiss the complaint.

Plaintiffs have moved for entry of an order compelling defendants to make discovery. See Plaintiffs' Motion to Compel (Docket No. 32). In the memorandum in support of their motion, plaintiffs state that defendants each filed objections to plaintiffs' interrogatories and requests for production of documents on the ground, inter alia, that no discovery should be had while the motions to dismiss are pending. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel at 2.

Defendants Ken Scholen and National Center for Home Equity Conversion, and defendant Federal National Mortgage Association ("Fannie Mae"), filed written oppositions to plaintiffs' Motion to Compel. In addition, defendants Transamerica Home First, Inc., Fannie Mae, and the American Association of Retired Persons, the AARP Foundation and the AARP

Patriot, Inc., et al. v. AARP, et al.                                                                2

Home Equity Information Center (the "AARP defendants") moved for a stay of discovery pending the determination of the motions to dismiss. See Docket Nos. 34, 36 and 37. Defendants maintain, as they did in their Local Rule 206 report, that

> [i]t is likely that motions will dispose of all, or at least some, of the claims in this litigation . . . . [I]t would be inefficient and wasteful of the parties' resources to commence discovery before knowing what (if any) claims and which (if any) parties will remain in this litigation.

Defendants' Report of the Parties' Local Rule 206 Meeting at 1-2. Defendants also ask that a scheduling order be entered only after entry of an order denying defendants' motions to dismiss.

Counsel for the parties appeared before the undersigned for a hearing with respect to these motions on November 18, 1999. At the hearing, as in the memoranda in opposition to plaintiffs' motion to compel and in support of their motions to stay discovery or for protective order, defendants maintained that the discovery sought by plaintiffs was not needed to enable any party to further support or oppose the pending motions to dismiss. Plaintiffs conceded that they did not require the discovery to oppose the motions to dismiss, but maintained that some "limited discovery" should proceed while the motions to dismiss are pending because their "basic claims" will be unchanged if the motions to dismiss are denied.

Upon consideration of plaintiffs' motion to compel, defendants' motions to stay discovery or for a protective order and the entire record herein, plaintiffs' motion will be denied, and defendants' motions granted, for the reasons offered by defendants. More specifically, the undersigned finds that plaintiffs do not require the discovery to more fully oppose the motions to dismiss. Moreover, the resolution of the motions to dismiss may obviate the need for some, or

Patriot, Inc., et al. v. AARP, et al.    3

all, of the discovery they now seek. A stay of discovery in the circumstances presented here is thus an appropriate exercise of the court's discretion to conserve the resources of the parties:

> A trial court has broad discretion and inherent power to say discovery until preliminary questions that may dispose of the case are determined. Nothing that [the plaintiffs] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

Petras v. Brown, 833 F. 2d 581, 583 (5th Cir. 1987) (citations omitted); see White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990).

It is, therefore, this 15th day of February, 2000,

ORDERED that plaintiffs' Motion to Compel (Docket No. 32) is **DENIED**; and it is

**FURTHER ORDERED** that defendant Transamerica's Motion for Entry of Scheduling Order and for Stay of Discovery (Docket No. 34) is **GRANTED**; and it is

**FURTHER ORDERED** that Fannie Mae's Motion for a Protective Order (Docket No. 36) is **GRANTED**; and it is

**FURTHER ORDERED** that the AARP defendants' Motion for a Stay of Discovery and Protective Order or Scheduling Conference (Docket No. 37) is **GRANTED**.

DEBORAH A. ROBINSON
United States Magistrate Judge

*formally*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 1 5 2001

PATRIOT, INC., et. al, )
)
    Plaintiffs, )
)
v. ) Civil Action No. 98-872 (RWR)
)
AMERICAN ASSOCIATION OF )
RETIRED PERSONS, et al., )
)
    Defendants. )
)

## ORDER

Upon consideration of plaintiff's Motion for Ruling, or, Alternatively, to Lift Stay of Discovery or for Transfer [55], and the responses to it, it is hereby

ORDERED that plaintiff's motion be, and hereby is, DENIED.

SIGNED this 15th day of February, 2001.

RICHARD W. ROBERTS
United States District Judge