IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al. ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DISTRICT OF COLUMBIA, et al. ) ) Defendants. ) ) ) | Civil Action No. 05-1413 (RWR) |

**JOINT REPORT UNDER LOCAL CIVIL RULE 16.3**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, Plaintiffs Southeast Land Development Associates, L.P. ("SLDA"), Square 706, L.L.C., and Kenneth B. Wyban, and Defendants District of Columbia and Anthony A. Williams, jointly submit the following report:

1. Defendants' Motion to Dismiss is pending before the Court. Plaintiffs do not believe that discovery should await a decision on the motion. The plaintiffs believe that this case may be resolved by summary judgment motion following discovery. Defendants believe that the case is likely to be disposed of by their pending dispositive motion to dismiss the Complaint, and all discovery and other matters should await the Court's decision on the motion. Defendants are filing a motion to stay discovery until a decision by this Court on their pending motion to dismiss the Complaint.

2. Plaintiffs believe that any other party should be joined or the pleadings amended within 15 days after the issuance of the Court's scheduling order. The plaintiffs believe that it is possible that some of the factual and legal issues can be agreed upon or

narrowed. Defendants believe that this matter is premature in light of their pending motion to dismiss the Complaint and believe that this matter should in any event be governed by the Federal Rules of Civil Procedure.

3. The parties do not wish to have this case referred to a Magistrate for all purposes.

4. The parties do not believe that there is a realistic possibility that the case can be settled.

5. Counsel have discussed alternative dispute resolution with their clients and do not wish to participate in alternative dispute resolution procedures at this time. If defendants' pending motion to dismiss was denied and the case was to go forward, the parties agree that the Court should allow alternative dispute resolution at a later date if jointly requested.

6. Plaintiffs believe that the case may be resolved by summary judgment. Plaintiffs propose the following schedule for summary judgment: Dispositive motions should be filed by January 16, 2006; opposing memoranda should be filed by February 6, 2006; and reply briefs should be filed by February 20, 2006. Defendants believe that the case can be resolved by granting their pending motion to dismiss the Complaint. In light of that pending motion, defendants believe that it is premature to set a schedule for summary judgment motions at this time.

7. Plaintiffs do not wish to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and believe that no changes should be made in the scope, form or timing of those disclosures and that such disclosures may be made via electronic or digital means. The defendants believe that initial disclosures

are premature at this time, pending a decision by the Court on their motion to dismiss the Complaint and their motion to stay discovery as described in Paragraph 1 above.

       8.   Plaintiffs believe that discovery will be required, including requests for documents, interrogatories, depositions, requests for admissions, and other permissible avenues of discovery as necessary. Plaintiffs desire until December 19, 2005 for the completion of discovery. The plaintiffs propose that depositions be limited to 4 hours each (except that expert witnesses will be limited to 7 hours each) and that 5 days notice will provide sufficient notice. Plaintiffs do not anticipate the need to make more than 10 party depositions. Plaintiffs further believe that good faith initial objections to discovery requests should be served within 10 days of receipt and responses and final objections should be served within 20 days of receipt. The defendants believe that no discovery will be required because their pending motion to dismiss the Complaint, if granted, will be dispositive of the case. If the case were to go forward, defendants believe that the time for responses and objections to the discovery requests should be in accord with the time periods provided in the Federal Rules of Civil Procedure.

       9.   Plaintiffs anticipate the use of expert witnesses in this case and do not believe that the exchange of witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified. The plaintiffs propose that expert depositions should be concluded by December 31, 2005. The defendants believe that this matter is premature at this time because their pending motion to dismiss the Complaint, if granted, will be dispositive of the case.

       10.  Not applicable.

11. The plaintiffs believe that it is not likely that the trial or discovery would need to be bifurcated or managed in phases. Defendants believe that this matter is also premature in light of their pending dispositive motion to dismiss the Complaint. If the case were to go forward, they believe that bifurcation or management in phases would be unlikely.

12. Plaintiffs believe that the date of the pretrial conference should occur the week of February 13, 2006. The defendants believe that setting such a date now is also premature, in view of the pendency of their dispositive motion to dismiss that Complaint.

13. Plaintiffs believe that pursuant to Fed. R. Civ. P. 16(b), the Court should conduct a scheduling conference or issue its scheduling order by October 23, 2005. The plaintiffs propose that the Court should set a firm trial date at the scheduling conference, which trial date should be set to occur within 20 days following the pretrial conference. The defendants believe that these matters are also premature, in view of the pendency of their dispositive motion to dismiss the Complaint.

14. The parties do not believe that there are other matters appropriate for inclusion in the scheduling order.

Dated: October 12, 2005                    Respectfully submitted,

                                           KIRKPATRICK & LOCKHART NICHOLSON
                                           GRAHAM, LLP


                                           ___*Chris E. Dominguez*_____
                                           Barry M. Hartman, (D.C. Bar No. 291617)
                                           Charles L. Eisen (D.C. Bar No. 003764)
                                           Christopher E. Dominguez, (D.C. Bar No. 460141)
                                           1800 Massachusetts Avenue, N.W.
                                           Washington, D.C. 20036
                                           (202) 778-9000
                                           (202) 778-9100 (fax)

                                           Counsel for Plaintiffs


                                           ___*Daniel A. Rezneck*_____
                                           Daniel A. Rezneck (31625)
                                           Senior Assistant Attorney General for
                                           the District of Columbia
                                           441-4th Street, NW, 6th Floor South
                                           Washington, D.C. 20001
                                           (202) 724-5691

                                           Counsel for Defendants