IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al. ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DISTRICT OF COLUMBIA, et al. ) ) Defendants. ) ) ) | Civil Action No. 05-1413 (RWR) |

**MOTION OF DISTRICT OF COLUMBIA COUNCILMEMBERS DAVID A. CATANIA AND JIM GRAHAM FOR LEAVE TO FILE AMICUS CURIAE <u>BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

**INTEREST OF THE AMICI**

David A. Catania and Jim Graham (hereafter, "Amici Councilmembers") are members of the Council of the District of Columbia ("DC Council"). The DC Council has the authority to enact laws on behalf of and for the benefit of the citizens of the District of Columbia. Each of the undersigned was directly and personally involved in the drafting, consideration and enactment of the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2004 (D.C. Official Code § 3-1401) and the Ballpark Omnibus Financing and Revenue Act of 2004 (D.C. Official Code § 10-1601) (collectively, the "Legislation"). As Councilmembers, we were intimately involved with the drafting, debate, and ultimate enactment of the Legislation. Because of our involvement in this process, amici Councilmembers believe that we may be able to provide information that will assist the Court in its review of this matter.

This submission is intended to provide the Court with information related to the "valid public use" that the DC Council determined in the Legislation would justify taking the plaintiffs' property for a baseball stadium.  We understand the Fifth Amendment to the United States Constitution authorizes the taking of private property for a public use and that the determination of whether a particular use is a valid public use is made by the legislature.  We also understand that the public use that the legislature determines justifies taking private property is afforded great deference by courts and may well be more narrow that the Fifth Amendment permits.  We further understand that if the confiscation is not consistent with that public use as determined by the Legislature, then the Fifth Amendment prevents the property from being taken.  We submit this brief because we believe that it is important for the Court to be aware that, as members of the DC Council, we considered the justification for taking private property for a stadium to be a valid public use only if the costs of doing so would not exceed $165,000,000, and we believe the Legislation as enacted clearly states the DC Council's intent.  We further believe it is important for the Court to be aware that the Legislation did not give the District or Mayor *carte blanc* to acquire plaintiffs' property for the stadium or that the DC Council determined that a municipal stadium was a valid public use of private property regardless of cost.  The amicus brief of the Councilmembers is submitted with this motion.

There are no specific rules applicable to the filing of amicus briefs in this Court.  "The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C.1996) (granting leave to file amicus brief where "the non-party movants have a special interest in this litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of this case").  Generally, "a court may grant leave to appear as an

amicus if the information offered is 'timely and useful.'" *Ellsworth Assoc., Inc.*, 917 F. Supp. at 846 (quoting *Waste Mgmt. of Pennsylvania v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). A function of the amicus brief is to help ensure "a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). An amicus brief can assist the court in cases of general public interest by supplementing the efforts of the parties and drawing the court's attention to matters not fully briefed by the parties. *See Miller-Wohl Co. v. Commissioner of Labore and Industry*, 694 F.2d 203 (9th Cir. 1982).

The positions of the amici Councilmembers is more fully set out in the accompanying brief. The Councilmembers believe that it is in the public interest to file this brief and that their views on the background and intended effects of the Legislation will be useful to the Court by providing direct insight to the Court for determining the intent and purpose of the Legislation enacted by the DC Council. Pursuant to LCvR 7(m), the undersigned has confirmed with counsel for the parties and plaintiffs do not oppose the granting of this Motion and Defendants have not taken a position.

WHEREFORE, the Councilmembers respectfully request this Court to grant this motion and accept the amicus curiae brief for filing.

Dated: October 20, 2005

/s/ David A. Catania
David A. Catania, Councilmember
Council of the District of Columbia
Room 110
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 724-7772

Dated: October 20, 2005

_____
Jim Graham, Councilmember
Council of the District of Columbia
Room 105
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 724-8181

- 4 -