IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

SOUTHEAST LAND DEVELOPMENT )
ASSIGNATES, L.P *et al.*, Plaintiffs )   Civil Action No. 05-1413 (RJR)
v. )
)
THE DISTRICT OF COLUMBIA, *et al.* )
)
Defendants )
)

**OPPOSITION OF DEFENDANTS TO MOTION OF COUNCILMEMBERS CATANIA AND GRAHAM FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully oppose the motion of Councilmembers Catania and Graham for leave to file an amicus curiae brief in opposition to defendants' pending motion to dismiss the Complaint. The motion to file such a brief is contrary to fundamental principles of what courts may consider on questions of statutory interpretation, and the proposed brief is of no value to this Court in deciding the motion to dismiss.

The leading treatise on the principles of statutory construction is Sutherland, Statutory Construction (6th edit. 2000). Sutherland could hardly be more explicit that material of the sort proffered by the would-be amici curiae has no place in the interpretation of statutes. In Section 48:16, Sutherland states as follows:

> "In construing a statute the courts refuse to consider testimony about the intent of the legislature by members of the legislature which enacted it." (pages 478-479 and cases therein cited.)

> \*             \*             \*

> Likewise postenactment statements made by a legislator as to legislative intent do not become part of the legislative history of the original enactment." (page 481)

1

See also 2005 Cumulative Supplement at page 108 ("Thus, it should be noted that the understanding of one member, or even a few members, of the legislature is not determinative of legislative intent.")

Sutherland goes on to say in Section 48:20 of the treatise:

> "Post-enactment views of those involved with the legislation should not be considered when interpreting the statute." (page 488 and authorities therein cited.)

As will be seen from the authorities cited by Sutherland for these propositions, the federal courts, including the Supreme Court, have been uniform in following the principles set forth above.

Our own Court of Appeals has emphatically ruled out efforts to interpret a statute on the basis of subsequent, postenactment statements by legislators as to what was intended. In Walsh v. Brady, 927 F.2d 1229, 1233 n. 2 (D.C. Cir. 1991), the Court labeled reliance by litigants on efforts to create "subsequent legislative history" as "oxymoronic"—a contradiction in terms---and held: "This can add nothing." (Id.)

The efforts of the would-be amici curiae here are also irrelevant to the case and of no value to this Court in deciding the motion to dismiss. In its opinion of August 5, 2005, on the plaintiffs' application for a preliminary injunction, this Court stated:

> "Plaintiffs have argued that if the $165 million estimate cap is exceeded, the District is acting outside of the public use authorization from the Council and, therefore, not authorized to take under the takings clause. But this argument fails to recognize that the public use for Fifth Amendment purposes is not defined by reference to the District's authorizing legislation, but is defined by Supreme Court jurisprudence for Fifth Amendment purposes." (Transcript of August 5, 2005, at 75.).

This Court continued:

> "Now, in the case here of the ballpark, the transfer of the property was

2

> private to public for a facility that will be open to and used by the public. The Supreme Court's jurisprudence provides no ground for concluding that the Council's determination that the construction of a publicly owned ballpark is a municipal use falls short, in any way, of the Fifth Amendment requirement that the taking be rationally related to a conceivable public purpose." (Id. at 75-76)

We also point out that the issue of "public use" and the interpretation of the D.C. statutes relating to the stadium were exhaustively briefed by both parties in their supporting papers on defendants' motion to dismiss and plaintiffs' application for a preliminary injunction. The relevant statutes were analyzed in detail in the parties' written submissions and at the hearing of August 5, 2005.

The proposed amicus curiae brief, offering statements and opinions about legislative intent on which no court would or could rely, also adds nothing to the arguments that have already been placed before the Court. The motion to dismiss is ripe for decision, and decision should not be delayed or diverted by such extraneous submissions.

Accordingly, we respectfully request that the motion be denied.

Dated: October 21, 2005        Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General in Charge of the Civil Division

EDWARD TAPTICH
Section Chief, Equity II


/s/_____

DANIEL A. REZNECK 31625
Senior Assistant Attorney General

3

for the District of Columbia
441-4th St., N.W., 6th floor South
Washington, D.C., 20001
Attorney for Defendants
(202) 724-5691