IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et. al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 05-1413 (RWR) |
| v. | ) ) | |
| THE DISTRICT OF COLUMBIA, et. al., | ) ) ) | |
| Defendants. | ) | |

### NONPARTY RYLAND MITCHELL'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Nonparty Ryland Mitchell ("Mr. Mitchell"), by and through his undersigned counsel and pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, hereby files this Motion to Quash the Subpoena from Plaintiff Southeast Land Development Associates, L.P. In support of this Motion, Mitchell relies on the accompanying Memorandum of Law, and the record in this matter. Pursuant to L.Cv. R. 7 (m), counsel for Mr. Mitchell certifies that he spoke with counsel for Southeast Land Development Associates, L.P. in a good-faith effort to resolve this matter, but counsel were unable to reach agreement and therefore anticipate this motion will be opposed.

1

Dated: October 21, 2005                    RYLAND MITCHELL


                                           By : /s/_____
                                                         Counsel


John Jay Range (D.C. Bar No. 376028)
Hunton & Williams LLP
1900 K Street N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (fax)
*Counsel for Non-Party Ryland Mitchell*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 05-1413 (RWR) ) ) |
| THE DISTRICT OF COLUMBIA, et. al., | ) ) |
| Defendants. | ) |

### NONPARTY RYLAND MITCHELL'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

### FACTUAL BACKGROUND

On or about October 13, 2005, Plaintiff Southeast Land Development Associates, L.P. ("Southeast") served Ryland Mitchell ("Mr. Mitchell") with a deposition subpoena and subpoena duces tecum (the "Subpoena"). The Subpoena is attached hereto as Exhibit A. Mr. Mitchell is a member of Lipman, Frizzell, & Mitchell, LLC ("LF&M"), a real estate counseling and appraisal firm. Neither Mr. Mitchell nor his company is a party to this action.

The Subpoena seeks to take the deposition of Mr. Mitchell on Wednesday, October 26, 2005 at the offices of Kirkpatrick & Lockhart Nicholson Graham in Washington, D.C. The Subpoena also seeks to compel Mr. Mitchell to produce certain documents and information located in the offices of LF&M. The requested documents all relate to appraisals conducted by Mr. Mitchell and/or LF&M "on any parcels located on the 'primary ballpark site' as that term is defined in Section 105(a)(2) of the Ballpark Omnibus Financing and Revenue Act of 2004." The Subpoena was accompanied by a check made out to Mr. Mitchell in the sum of $80.00, ostensibly representing the witness fees required by Rule 45(b) of the Federal Rules of Civil Procedure.

1

For the reasons set forth below, Mr. Mitchell moves this Court to enter an order quashing the Subpoena and providing that his deposition not be taken at this time.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides:

> Upon motion by any party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had.

Similarly, Rule 45(c)(3)(A) provides:

> On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it … subjects a person to undue burden.

**I.    The pendency of the potentially dispositive motion to dismiss the Complaint requires quashing the Subpoena and the entry of a protective order.**

On July 22, 2005, Defendants District of Columbia (the "District") and Mayor Anthony A. Williams ("Williams") filed a Motion to Dismiss the complaint in this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss has been fully briefed by both sides and is ripe for decision by the Court.

In addition, on October 12, 2005, the District and Williams filed a Motion for a Stay of Discovery pending a decision by the Court on the Motion to Dismiss. That motion currently is pending before the Court.

It is well-established that, when a potentially dispositive motion has been filed and is pending before the Court, discovery should not proceed, deposition notices and document requests should be quashed, and protective orders should be entered. *See, e.g. Herbert v. Lando*, 441 U.S. 153, 177 (1979). Courts routinely stay discovery when a dispositive motion is pending

2

to spare the parties the time, burden, and expense of discovery that may prove unnecessary and to conserve judicial resources. *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (affirming the district court's stay of discovery under Rule 26(c) pending resolution of dispositive motion and citing *Herbert v. Lando, supra*). Indeed, in at least two cases before this Court, such a motion has been granted. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001); *Patriot, Inc., v. American Ass'n of Retired Persons*, Civ. Act. No. 98-0872 (RWR/DAR), Order of February 15, 2000) (attached as Exhibit B).

In *Chavous*, 201 F.R.D. at 2, Magistrate Judge Robinson ruled that all discovery "[would] be stayed pending determination of the parties' dispositive motions." As Magistrate Judge Robinson stated:

> It has long been recognized that trial courts are vested with discretion to manage the conduct of discovery. It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion. A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.
>
> [ ]
>
> A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.

*Id.* (quotations and citations omitted).

Similarly, in *Patriot, Inc.*, Magistrate Judge Robinson denied the plaintiffs' motion to lift the stay of discovery, stating that "the resolution of the motions to dismiss may obviate the need for some, or all, of the discovery [the plaintiffs] now seek." *See* Exhibit B at 2-3. *See also Institute Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (it is "well-settled that discovery is generally considered inappropriate while a motion that would be thoroughly

3

dispositive of the claims in the complaint is pending."); *American Constitutional Coalition Foundation v. Federal Bureau of Prisons*, 1989 U.S. Dist. LEXIS 6888 (D.D.C. 1989) (finding that it would have been unduly burdensome to require the defendants to proceed with discovery until the court ruled on the motion to dismiss); *Clifton Terrace Associates v. United Technology Corp.*, 1989 U.S. Dist. LEXIS 8787, at *1 (D.D.C. 1989) (stating that "postponing discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions … is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

Plaintiffs cannot make any colorable argument that this Court should depart from this well-reasoned line of authorities and permit discovery prior to the Court's decision on the Motion to Dismiss. On August 5, 2005, this Court issued its oral ruling denying Plaintiffs' Motion for Preliminary Injunction, finding that Plaintiffs failed to show that (1) they faced imminent, certain, or irreparable injury; (2) the public interest or balance of harms favored granting the injunctive relief sought; and (3) they had a substantial likelihood of success on the merits. Accordingly, given that Plaintiffs do not face imminent, certain, or irreparable injury, and given that they could not show a substantial likelihood of success on the merits, there is no reason why discovery should be permitted to proceed at this juncture.

For the foregoing reasons, this Court should enter an order quashing the Subpoena and providing that Mr. Mitchell's deposition not be taken at this time.

II. **The Subpoena subjects Mr. Mitchell to an undue burden because he plans to be out of the country on October 26, 2005.**

Mr. Mitchell leaves the United States for a European vacation on October 22, 2005, and will not return until November 2, 2005. Accordingly, compliance with the Subpoena would require Mr. Mitchell to cancel his longstanding plans and cause him to incur unnecessary expense.

III. **The Subpoena does not comply with Rule 26(b)(4)(C)'s requirements for expert discovery.**

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides:

> A party may depose a person who has been identified as an expert whose opinions may be presented at trial … Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery … and with respect to [depositions of experts] the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Under Rule 702 of the Federal Rules of Evidence, expert testimony is any testimony that presents "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." The Subpoena seeks Mr. Mitchell's opinion, as a real estate counselor and appraiser, of the value of any parcels located on the "primary ballpark site." *See* Exhibit A. Accordingly, there can be no doubt that Plaintiffs seek expert testimony from Mr. Mitchell. Nonetheless, the Subpoena was accompanied by a check for $80.00, an amount woefully insufficient to cover Mr. Mitchell's expert fees as required by Rule 26(b)(4)(C). Mr. Mitchell cannot be compelled to provide expert testimony unless Plaintiffs pay a fair portion of the fees and expenses that will be incurred in connection with any such deposition. See Fed. R. Civ. P. 26(b)(4)(C).

## CONCLUSION

For the foregoing reasons, nonparty Ryland Mitchell requests that the Court quash the Subpoena and grant the requested protective order.

Dated: October 21, 2005            RYLAND MITCHELL


                                   By : /s/_____
                                              Counsel


John Jay Range (D.C. Bar No. 376028)
Hunton & Williams LLP
1900 K Street N.W.
Washington, DC  20006
(202) 955-1500
(202) 778-2201 (fax)
*Counsel for Non-Party Ryland Mitchell*