# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ Columbia _____

Southeast Land Development
Associates, L.P., et al.

V.

The District of Columbia, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Civ. Act. No. 05-1413(RJR)

TO: Ryland Mitchell, c/o Lipman, Frizzell & Mitchell
Three Centre Park, 8815 Centre Park Drive, Suite 200
Columbia, Maryland 21045

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham, 1800 Massachusetts Ave NW, Washington, D.C. 20036 | Oct. 26, 2005 at 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham, 1800 Massachusetts Ave NW, Washington, D.C. 20036 | Oct. 26, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Chris E. Dominguez   Attorney for Plaintiffs | Oct. 12, 2005 at 10:00 am |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chris E. Dominguez
~~Barry Hartman~~, 1800 Massachusetts Ave NW, Washington, D.C. 20036, 202-778-9338

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>Southeast Land Development Associates, L.P., et al. v. District of Columbia, et al.</u>,
C.A. No. 05-1413 (RJR)

## ATTACHMENT A

### Subject Matter of Inquiry and Document Production Request

This subpoena *duces tecum* is directed to Lipman, Frizzell & Mitchell and seeks documents[1] as defined by the Federal Rules of Civil Procedure that contain information on the following subjects:[2]

1. Appraisals on any parcels located on the "primary ballpark site" as that term is defined in Section 105(a)(2) of the Ballpark Omnibus Financing and Revenue Act of 2004 ("Act"), the report titled "District of Columbia Office of the Chief Financial Officer Land Acquisition Cost Study, March 22, 2005" prepared by the Chief Financial Officer of the District of Columbia, and any parcels identified by Exhibit 1 hereto.

2. All documents generated, prepared and/or reviewed in connection with the development of such appraisals.

3. All contracts, agreements or other documents reflecting any arrangement between Lipman, Frizzell & Mitchell and any other entity regarding the development of appraisals described in item 1 above.

4. Any and all communications regarding <u>Southeast Land Development Associates, L.P., et al. v. District of Columbia, et al.</u>, C.A. No. 05-1413 (RJR).

5. Any and all communications between Lipman, Frizzell & Mitchell, on the one hand, and any representative of the District of Columbia, on the other, pertaining to the valuation of any parcels located on the "primary ballpark site."

6. Any and all instructions, directions or suggestions received from any source concerning appraisals of any parcels located on the "primary ballpark site."

---

[1] The term "document" as used in these requests for production is intended to encompass any form in which the documentary evidence requested may exist, including the original and all non-identical copies of any letter, correspondence, telegram, fax, memorandum, report, minutes, working papers, computer records, electronic computer data, notes, books, textbooks, publications, manuscripts, articles, ledgers, accounts, financial statement, operating statements, tapes recordings, cassette recordings, statements, photographs, microfilm, contracts, maps, drawings, diagrams, graphs, charts, checks, releases, applications, sketches, papers, records, and any other written, typed or recorded material of any nature whatsoever.

[2] The terms "and," as well as, "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.