IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al. ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DISTRICT OF COLUMBIA, et al. ) ) Defendants. ) ) ) | Civil Action No. 05-1413 (RWR) |

**PLAINTIFFS' OPPOSITION TO MOTION BY NON-PARTY
RYLAND MITCHELL TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

The District of Columbia has informed Plaintiffs and all property owners in the primary ballpark site that the District intends to begin taking their property as early as this week of October 24, 2005. *See* Ex. 1 hereto, Robert Redding Jr. & Tim Lemke, *Williams Defends Anacostia Site for Ballpark*, THE WASHINGTON TIMES, Oct. 20, 2005, at A1. The District intends to begin construction on the site by March 1, 2006. *See* Ex. 2 hereto, Robert Redding Jr., *Landowners Face Deadline Today*, THE WASHINGTON TIMES, Oct. 21, 2005, at B1. Ryland Mitchell of Lipman, Frizell & Mitchell, LLC ("LF&M") was retained by the District of Columbia to conduct appraisals of Plaintiffs' real property in connection with the District's stated intent to take such property for the purpose of constructing a professional baseball stadium. Consequently, Ryland Mitchell and LF&M have possession, custody or control of documents and information relevant to the claims asserted in Plaintiffs' Complaint. Ryland Mitchell and LF&M do not deny that they have documents and information responsive to the

subpoena.[1]  Under the Federal Rules of Civil Procedure, Plaintiffs are entitled to discover that information.

Due to the urgency of this case and the irreversible consequences attendant thereto, the LCvR 16.3 Report contemplates an accelerated discovery schedule and trial.  In order to accommodate both party and non-party discovery within the contemplated discovery schedule, it is imperative that discovery begin immediately.  Accordingly, Plaintiffs served Ryland Mitchell and LF&M with a subpoena returnable on October 26, 2005.

Ryland Mitchell's arguments in support of the motion to quash do not provide a sufficient basis to grant the motion.  Ryland Mitchell and LF&M argue that they should not have to comply with subpoena because there is a motion to dismiss pending.  First, the mere fact that a dispositive motion is pending does not *ipso facto* create an undue burden on a subpoenaed person and it should not preclude a party from obtaining non-party discovery, especially where the delay in discovery will severely prejudice the party seeking discovery.  Indeed, expedited discovery is essential in light of the fact that not only will the District take Plaintiffs' property any day now (*see* Exhibit 3 hereto, Letter from District of Columbia to Southeast Land Development Associates, L.P., dated October 19, 2005), but also because the District is seeking to alter the balance of equities in this case by arguing that the "time and effort and money . . . already put in to this site" makes it impossible for the District to consider other sites.   *See* Ex. 1, Robert Redding Jr. & Tim Lemke, *Williams Defends Anacostia Site for Ballpark*, THE WASHINGTON TIMES, Oct. 20, 2005, at A1.

Second, whether to stay discovery pending a motion to dismiss is within the trial court's discretion.  *See Chavous v. District of Columbia Financial Responsibility and Management*

---

[1]  Counsel for the movant has informed Plaintiffs that he will not comply with the subpoena on the return date even in the absence of a court order quashing the subpoena.

*Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001).  The trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that a [dispositive] motion will be granted and entirely eliminate the need for such discovery."  *Id*. at 3 (emphasis added) (citation omitted).

  Plaintiffs do not dispute that in many circumstances it is appropriate to stay discovery pending a decision on a motion to dismiss, because in most circumstances the plaintiffs will not even potentially suffer irreparable harm should that occur.  This case does not, however, present facts similar to most circumstances and it would be inappropriate to blindly quash the subpoena or enter a protective order regardless of the facts, as Ryland Mitchell and LF&M urge this Court to do.

  Third, unlike the *Chavous* or *Patriot, Inc.* cases relied on by Ryland Mitchell and LF&M, in these instances Plaintiffs' harms are immediate and undeniable, and they stem exclusively from the Defendants' actions in acquiring land for stadium construction.  According to city officials, the deadline for negotiating a sale of the property to the city has already passed.  *See* Exhibit 1, Robert Redding Jr. & Tim Lemke, *Williams Defends Anacostia Site For Ballpark*, THE WASHINGTON TIMES, Oct. 20, 2005, at A1. ("City officials informed the 23 landowners at the 21-acre ballpark site that they must sell their property to the city by tomorrow or have it taken through eminent domain.")  As a result, landowners such as Plaintiffs that have not yet sold their land to the District are in danger of having their land seized immediately through eminent domain proceedings this week.  The District has made it clear that it must acquire the land by the end of the year, and that it fully intends to begin construction of the ballpark by the beginning of March.  *See id.*; *see also* Exhibit 2, Robert Redding Jr., *Landowners Face Deadline Today*, THE WASHINGTON TIMES, Oct. 21, 2005, at B1 (the "agreement signed with Major League Baseball

require[es] the District to build a new ballpark in Southeast by March 2008.").

LF&M will not face an "undue" burden by complying with the subpoena.  If Mr. Mitchell is out of the country this week, Plaintiffs are willing to receive responsive documents on the return date, October 26, and to reschedule his deposition for a date after November 2, 2005.  There is no argument that producing documents responsive to the subpoena imposes any undue burden.  "When the burdensomeness of a subpoena is at issue, the onus is on the party alleging the burden to prove that the subpoena violates Rule 45.  A showing of such a burden must be specific.  As this Court has held before, assertions of a burden without 'specific estimates of staff hours needed to comply' will be 'categorically rejected.'" *Flatow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 207 (D.D.C. 2000), vacated on other grounds, 305 F.3d 1249 (D.C. Cir. 2002).  Ryland Mitchell and LF&M have not met that burden of specificity with regard to the production of documents and, therefore, the motion to quash must be denied.

Finally, Plaintiffs are not seeking Ryland Mitchell's testimony as an expert.  Mr. Mitchell and LF&M performed appraisals of Plaintiffs' and other's property on the site where the District of Columbia intends to build a professional ballpark.  Mr. Mitchell and LF&M are fact witnesses.  No party has identified them as experts in this case.  Plaintiffs seek only the facts surrounding Mr. Mitchell's and LF&M's already concluded activities.  The documents and information sought are relevant and include information that is reasonably calculated to lead to the discovery of admissible evidence.  The District is acting in violation of the Fifth Amendment to the United States Constitution because it is taking property for a use that is expressly prohibited by the public use authorization contained in the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2004 (D.C. Code Ann. § 3-1401) and the Ballpark Omnibus Financing and Revenue Act of 2004 (D.C. Code Ann. § 10-1601) (collectively, the

"Legislation") that grants eminent domain authority to the District in this instance. The authority to confiscate property for this purpose was limited in the Legislation by strict financial conditions. Plaintiffs are entitled to know about Mr. Mitchell's and LF&M's activities in relation to their appraisal work for Plaintiffs' and other's property on the site at issue.

In conclusion, the Court should deny the Motion to Quash Subpoena and for Protective Order because there is no undue burden placed on the movant in complying with the subpoena and because granting the motion would severely prejudice Plaintiffs' ability to prosecute this case in a timely manner.

Dated: October 25, 2005   Respectfully submitted,

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM, LLP


___*Chris E. Dominguez*_____
Barry M. Hartman, (D.C. Bar No. 291617)
Charles L. Eisen (D.C. Bar No. 003764)
Christopher E. Dominguez, (D.C. Bar No. 460141)
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000
(202) 778-9100 (fax)

Counsel for Plaintiffs