IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al. ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DISTRICT OF COLUMBIA, et al. ) ) Defendants. ) ) ) | Civil Action No. 05-1413 (RWR) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY**

Defendants' Motion for a Stay of Discovery Pending Decision on the Motion to Dismiss should be denied. Since the denial of Plaintiffs' application for preliminary injunction on August 5, 2005, Defendants have been moving forward to do everything in their power to preclude Plaintiffs from obtaining further review of Plaintiffs' claims and to preclude any court from granting the only relief that would be appropriate should Plaintiffs prevail in demonstrating that the District has confiscated property for a public purpose not authorized by the enabling legislation. Unless discovery is allowed to immediately move forward in this case, it will be virtually impossible for these issues be adjudicated before Defendants begin constructing a ballpark on Plaintiffs' now confiscated property.

Whether to stay discovery pending a motion to dismiss is within the trial court's discretion. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001). According to the primary case cited by plaintiffs, the trial court "inevitably must balance the harm produced by a delay in discovery

against the possibility that a [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Id*. at 3 (emphasis added) (citation omitted).

Plaintiffs do not dispute that in most circumstances it is appropriate to stay discovery pending a decision on a Motion to Dismiss, because in most circumstances the plaintiffs will not even potentially suffer irreparable harm should that occur. This case does not, however, present facts similar to most circumstances and it would be inappropriate to blindly stay discovery regardless of the facts, as Defendants urge this court to do.

Unlike the case in *Chavous*, in these instances Plaintiffs' harms are immediate and undeniable, and they stem exclusively from the Defendants' actions in acquiring land for stadium construction. On October 25, 2005, the District confiscated Plaintiffs' property through the filing of a Complaint in Condemnation and a Declaration of Taking. *See* Exhibit 1 hereto. The Declaration of taking confirms that the amount estimated by the CFO in his March, 2005 Report underestimated the costs of land acquisition alone by as much as $20,000,000. *See also* Exhibit 2 hereto, David Nakamura, *D.C. Seizes 16 Owners' Property for Stadium*,, THE WASHINGTON POST, Oct. 26, 2005, at B1 (noting that the District acquired property for $13 million from seven owners plus set aside $84 million for the remaining properties, for a total of $97 million – $20 million above the CFO's estimate, confirming Plaintiffs' allegations in the Complaint.) The District has made it clear that it fully intends to begin construction of the ballpark by the beginning of March, 2006. *See* Exhibit 3 hereto, Robert Redding Jr., *Landowners Face Deadline Today*, THE WASHINGTON TIMES, Oct. 21, 2005, at B1. The District now has title to Plaintiffs' property; once it has possession, it can take the wrecking ball to such property at will.

Defendants have acknowledged that time is of the essence in this case. Days before filing the Motion to Stay, Defendants agreed to the proposed accelerated discovery

schedule that recognizes the concerns raised by Plaintiffs and calls for trial to conclude before irreparable construction activities may begin on the site.

The Motion to Dismiss has been pending before the Court since August 5. The parties recognize that every day the window closes evermore on Plaintiffs' ability to obtain full relief when it succeeds on the merits. Within a few short months from now the Defendants intend to start constructing a baseball stadium on Plaintiffs' property. Defendants have already made statements suggesting that the project must be pursued at this location or the District and investors who relied on this location will be prejudiced. *See* Ex. 4 hereto, Robert Redding Jr. & Tim Lemke, *Williams Defends Anacostia Site for Ballpark*, THE WASHINGTON TIMES, Oct. 20, 2005, at A1. If discovery is not permitted to go forward now, and the Court denies the Motion to Dismiss, it is unlikely there will be sufficient time for a trial on the merits to occur and relief to be afforded prior to demolition of Plaintiffs' property and the beginning of construction on the ballpark stadium. Now that the District has taken title to Plaintiffs' property, it can move quickly to take possession and begin demolition. Even if it were possible to "return title" once Plaintiffs prevail, that remedy will be meaningless after March 1, 2005, when Defendants will begin constructing the stadium on this property. Discovery here is limited and much accelerated based on the March, 2006 construction date. If it is delayed further, Plaintiffs will be effectively denied any opportunity to prove their case should the Court deny the Motion to Dismiss. As a result, the prejudice that would occur to Plaintiffs should weigh heavily against staying the discovery process until after the Motion for Dismiss has been ruled upon. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery.

Dated: October 26, 2005

Respectfully submitted,

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP

_____*Christopher E. Dominguez*_____
Barry M. Hartman (D.C. Bar No. 291617)
Charles L. Eisen (D.C. Bar No. 003764)
Christopher E. Dominguez (D.C. Bar No. 460141)
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
(202) 778-9000
(202) 778-9100 (fax)

*Counsel for Plaintiffs*