# EXHIBIT 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, NW,<br>Washington, DC 20004,<br>a municipal corporation,<br><br>              Plaintiff,<br><br>        v.<br><br>521,025 SQUARE FEET OF LAND IN THE<br>DISTRICT OF COLUMBIA, MORE OR LESS,<br>COMPRISED OF:<br><br>ALL OF LOTS 37, 38, AND 39 IN SQUARE 702,<br>CONSISTING OF 5,799 SQUARE FEET OF<br>LAND, MORE OR LESS (hereinafter<br>"Defendant Parcel A");<br><br>ALL OF LOTS 79, 80, 81, 82, 83, 84, 85, 836,<br>AND 838 IN SQUARE 702, CONSISTING OF<br>23,088 SQUARE FEET OF LAND, MORE<br>OR LESS (hereinafter "Defendant Parcel B");<br><br>ALL OF LOTS 106, 126, 127, 807, 808, 826, 852,<br>853, 859, 860, 861, 866, AND 869 IN<br>SQUARE 702, CONSISTING OF 35,989<br>SQUARE FEET OF LAND, MORE OR LESS<br>(hereinafter "Defendant Parcel D");<br><br>ALL OF LOTS 804, 805, AND 845 IN SQUARE<br>702, CONSISTING OF 8,857 SQUARE FEET OF<br>LAND, MORE OR LESS (hereinafter<br>"Defendant Parcel E");<br><br>ALL OF LOT 846 IN SQUARE 702<br>CONSISTING OF 17,994 SQUARE FEET OF<br>LAND, MORE OR LESS (hereinafter<br>"Defendant Parcel H");<br><br>ALL OF LOTS 854 AND 856 IN SQUARE 702,<br>CONSISTING OF 2,662 SQUARE FEET OF<br>LAND, MORE OR LESS (hereinafter<br>"Defendant Parcel J"); | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No._____(RP)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ALL OF LOTS 855 AND 868 IN SQUARE 702,          )
CONSISTING OF 12,721 SQUARE FEET OF              )
LAND, MORE OR LESS (hereinafter                  )
"Defendant Parcel K");                           )
                                                 )
ALL OF LOTS 870 AND 871 IN SQUARE 702,          )
CONSISTING OF 36,707 SQUARE FEET OF              )
LAND, MORE OR LESS (hereinafter                  )
"Defendant Parcel M");                           )
                                                 )
ALL OF LOT 5 IN SQUARE 703, CONSISTING           )
OF 9,588 SQUARE FEET OF LAND, MORE               )
OR LESS, (hereinafter "Defendant Parcel N");     )
                                                 )
ALL OF LOT 8 IN SQUARE 703, CONSISTING           )
OF 9,588 SQUARE FEET OF LAND, MORE               )
OR LESS (hereinafter "Defendant Parcel P");      )
                                                 )
ALL OF LOT 53 IN SQUARE 703, CONSISTING )
OF 67,119 SQUARE FEET OF LAND, MORE              )
OR LESS (hereinafter "Defendant Parcel Q");      )
                                                 )
ALL OF LOT 54 IN SQUARE 703, CONSISTING )
OF 53,418 SQUARE FEET OF LAND, MORE              )
OR LESS (hereinafter "Defendant Parcel R");      )
                                                 )
ALL OF LOT 11 IN SQUARE 704, CONSISTING )
OF 88,595 SQUARE FEET OF LAND, MORE              )
OR LESS (hereinafter "Defendant Parcel T");      )
                                                 )
ALL OF LOT 15 IN SQUARE 705, CONSISTING )
OF 88,100 SQUARE FEET OF LAND, MORE              )
OR LESS (hereinafter "Defendant Parcel U");      )
                                                 )
ALL OF LOT 802 IN SQUARE 706,                    )
CONSISTING OF 3,233 SQUARE FEET OF               )
LAND, MORE OR LESS (hereinafter                  )
"Defendant Parcel V");                           )
                                                 )
ALL OF LOTS 806, 807, AND 808 IN                 )
SQUARE 706, CONSISTING OF 57,567                 )
SQUARE FEET OF LAND, MORE OR LESS                )
(hereinafter "Defendant Parcel W");              )
                                                 )
AND                                              )
                                                 )

SOUTHEAST LAND DEVELOPMENT )
ASSOCIATES, LP, Owner )
C/O SAMUEL JON GERSTENFELD )
General Partner )
805 15th Street, N.W., Suite 230 )
Washington, DC 20005; ET AL., )
)
               Defendants. )

## COMPLAINT IN CONDEMNATION
### (ACTION INVOLVING REAL PROPERTY)

The District of Columbia ("District") brings this action against the specified parcels of land

and others, alleging as follows:

### Nature of Action

1.     This is a condemnation action filed pursuant to D.C. Official Code § 16-1311 (2001)

to acquire certain real property designated in the accompanying Declaration of Taking, filed

herewith and incorporated herein, located in the District of Columbia (the "Properties"). The

District brings this civil action for condemnation of real property in connection with the

taking of the Properties under its power of eminent domain, pursuant to the Declaration of

Taking, for the authorized municipal use set forth in the Ballpark Omnibus Financing and

Revenue Act of 2004, D.C. Law 15-320, effective April 8, 2005. The District seeks

condemnation of the Properties and possession thereof, the ascertainment of the value of the

Properties, and an award of just compensation to the owners and parties with interests in the

Properties taken.

### Jurisdiction

2.     This Court has jurisdiction over this matter pursuant to D.C. Official Code

§§ 11-921(a)(3)(A)(ii) and 16-1303 (2001).

### The Parties

3.    The District is a body corporate for municipal purposes and is the Plaintiff in this action. D.C. Official Code § 1-102 (2001).

4.    The Defendants are the Properties and the owners and other parties of interest identified in Exhibit A, attached hereto.

### Authority

5.    The authority for the taking is D.C. Official Code § 16-1311 (2001), and Title I of the Ballpark Omnibus Financing and Revenue Act of 2004, D.C. Law 15-320, effective April 8, 2005, and is further set forth in the Declaration of Taking filed herewith.

6.    The Properties cannot be acquired by purchase from the owners thereof at a price satisfactory to the officers of the District authorized to negotiate for the Properties.

7.    The Properties are taken for an authorized municipal use, namely the construction and operation of a publicly owned baseball stadium complex, including a stadium and facilities functionally related and subordinate thereto, and the accompanying infrastructure including parking, office, and transportation facilities.

8.    Simultaneously with the filing of this Complaint, the District has filed a Declaration of Taking executed by the Mayor or his duly authorized designee, and tendered to the Registry of the Court an amount estimated to be just compensation for the Properties, which amount is set forth in the Declaration of Taking.

WHEREFORE, the District respectfully requests this Court decree that:

A.    the Properties have been condemned to the full extent of the interests set forth in the Declaration of Taking in accordance with D.C. Official Code § 16-1314 (2001);

B.    all right, title, and interest in and to the Properties are vested in the District of

Columbia;

C.    the parties in possession be ordered to surrender possession of the Properties

to the District;

D.    just compensation for the taking be ascertained and awarded to the parties

entitled thereto; and

E.    the District be granted such other relief as may be lawful and proper.

Trial by jury on the issue of just compensation is required pursuant to D.C. Official Code

§ 16-1313 (2001).

Date: October 25, 2005              Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia
CHARLES F. BARBERA
Deputy Attorney General
BRUCE BRENNAN
Assistant Deputy Attorney General

WITH:

_____              _____
JERRY A. MOORE III                  MICHAEL J. KRAINAK
D.C. Bar No. 911511                 D.C. Bar No. 466888
J. DOUGLAS BALDRIDGE                Chief, Real Estate Section
D.C. Bar No. 437678                 Telephone: 202-442-9773
ARI N. ROTHMAN                      Email: michael.krainak@dc.gov
D.C. Bar No. 481334
BISI LADEJI
D.C. Bar No. 490072
VENABLE, LLP                        _____
575 7th Street, N.W.                DAVID FISHER
Washington, DC 20004-1601           D.C. Bar No. 325274
Telephone: 202-344-4000             Chief, Tax, Bankruptcy & Finance Section
Fax: 202-344-8300                   Commercial Division
Email: jamoore@venable.com          441 4th Street, N.W., 6th Floor North
                                    Washington, DC 20001
                                    Telephone: 202-724-6658
                                    Fax: 202-727-6014
                                    Email: david.fisher@dc.gov

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DISTRICT OF COLUMBIA                                  )
1350 Pennsylvania Avenue, NW,                         )
Washington, DC  20004,                                )
a municipal corporation,                             )
                                                     )
        Plaintiff,                 )
                                                     )
      v.                             )
                                                     ) Civil Action No._____(RP)
521,025 SQUARE FEET OF LAND IN THE                   )
DISTRICT OF COLUMBIA, MORE OR LESS,                  )
COMPRISED OF:                                        )
                                                     )
ALL OF LOTS 37, 38, AND 39 IN SQUARE 702,            )
CONSISTING OF 5,799 SQUARE FEET OF                   )
LAND, MORE OR LESS (hereinafter                      )
"Defendant Parcel A");                               )
                                                     )
ALL OF LOTS 79, 80, 81, 82, 83, 84, 85, 836,         )
AND 838 IN SQUARE 702, CONSISTING OF                 )
23,088 SQUARE FEET OF LAND, MORE                     )
OR LESS (hereinafter "Defendant Parcel B");          )
                                                     )
ALL OF LOTS 106, 126, 127, 807, 808, 826, 852,       )
853, 859, 860, 861, 866, AND 869 IN                  )
SQUARE 702, CONSISTING OF 35,989                     )
SQUARE  FEET OF LAND, MORE OR LESS                   )
(hereinafter "Defendant Parcel D");                  )
                                                     )
ALL OF LOTS 804, 805, AND 845 IN SQUARE              )
702, CONSISTING OF 8,857 SQUARE FEET OF              )
LAND, MORE OR LESS (hereinafter                      )
"Defendant Parcel E");                               )
                                                     )
ALL OF LOT 846 IN SQUARE 702                         )
CONSISTING OF 17,994 SQUARE FEET OF                  )
LAND, MORE OR LESS (hereinafter                      )
"Defendant Parcel H");                               )
                                                     )
ALL OF LOTS 854 AND 856 IN SQUARE 702,               )
CONSISTING OF 2,662 SQUARE FEET OF                   )
LAND, MORE OR LESS (hereinafter                      )
"Defendant Parcel J");                               )

ALL OF LOTS 855 AND 868 IN SQUARE 702,     )
CONSISTING OF 12,721 SQUARE FEET OF         )
LAND, MORE OR LESS (hereinafter              )
"Defendant Parcel K");                       )
                                             )
ALL OF LOTS 870 AND 871 IN SQUARE 702,     )
CONSISTING OF 36,707 SQUARE FEET OF         )
LAND, MORE OR LESS (hereinafter              )
"Defendant Parcel M");                       )
                                             )
ALL OF LOT 5 IN SQUARE 703, CONSISTING     )
OF 9,588 SQUARE FEET OF LAND, MORE          )
OR LESS, (hereinafter "Defendant Parcel N"); )
                                             )
ALL OF LOT 8 IN SQUARE 703, CONSISTING     )
OF 9,588 SQUARE FEET OF LAND, MORE          )
OR LESS (hereinafter "Defendant Parcel P");  )
                                             )
ALL OF LOT 53 IN SQUARE 703, CONSISTING )
OF 67,119 SQUARE FEET OF LAND, MORE         )
OR LESS (hereinafter "Defendant Parcel Q");  )
                                             )
ALL OF LOT 54 IN SQUARE 703, CONSISTING )
OF 53,418 SQUARE FEET OF LAND, MORE         )
OR LESS (hereinafter "Defendant Parcel R");  )
                                             )
ALL OF LOT 11 IN SQUARE 704, CONSISTING )
OF 88,595 SQUARE FEET OF LAND, MORE         )
OR LESS (hereinafter "Defendant Parcel T");  )
                                             )
ALL OF LOT 15 IN SQUARE 705, CONSISTING )
OF 88,100 SQUARE FEET OF LAND, MORE         )
OR LESS (hereinafter "Defendant Parcel U");  )
                                             )
ALL OF LOT 802 IN SQUARE 706,               )
CONSISTING OF 3,233 SQUARE FEET OF          )
LAND, MORE OR LESS (hereinafter              )
"Defendant Parcel V");                       )
                                             )
ALL OF LOTS 806, 807, AND 808 IN            )
SQUARE 706, CONSISTING OF 57,567            )
SQUARE FEET OF LAND, MORE OR LESS           )
(hereinafter "Defendant Parcel W");          )
                                             )
AND                                          )
                                             )

2

SOUTHEAST LAND DEVELOPMENT           )
ASSOCIATES, LP, Owner                )
C/O SAMUEL JON GERSTENFELD           )
General Partner                      )
805 15th Street, N.W., Suite 230     )
Washington, DC  20005; ET AL.,       )
                                     )
                Defendants.          )

## DECLARATION OF TAKING

The District of Columbia ("District"), pursuant to D.C. Official Code § 16-1314

(2001), hereby declares that:

1.      The Properties subject of this action, and more fully described below in ¶ 3, are

taken for an authorized municipal use, namely the construction and operation of a

publicly owned baseball stadium complex, including a stadium and facilities functionally

related and subordinate thereto, and the accompanying infrastructure including parking,

office, and transportation facilities.

2.      The Properties subject of this action are taken under authority of D.C. Official

Code § 16-1311 (2001), and Title I of the Ballpark Omnibus Financing and Revenue Act

of 2004, D.C. Law 15-320, effective April 8, 2005.

3.      The Properties described below are hereby taken for the use and purpose

identified above:

        a.      Defendant Parcel A, subject of the condemnation action, is real property

        comprising 5,799 square feet, more or less, known as Lots 37, 38, and 39 in

        Square 702 in the District of Columbia and more specifically described in Exhibit

        A, and as shown in the accompanying plan set forth in Exhibt A-1.  The estate in

        Defendant Parcel A taken is an estate in fee simple absolute, including without

3

limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel A is $1,225,000.

b.      Defendant Parcel B, subject of the condemnation action, is real property comprising 23,088 square feet, more or less, known as Lots 79, 80, 81, 82, 83, 84, 85, 836, and 838 in Square 702 in the District of Columbia and more specifically described in Exhibit B, and as shown in the accompanying plan set forth in Exhibit B-1. The estate in Defendant Parcel B taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel B is $4,017,000.

c.      Defendant Parcel D, subject of the condemnation action, is real property comprising 35,989 square feet, known as Lots 106, 126, 127, 807, 808, 826, 852, 853, 859, 860, 861, 866, and 869 in Square 702 in the District of Columbia and more specifically described in Exhibit D, and as shown in the accompanying plan set forth in Exhibit D-1. The estate in Defendant Parcel D taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel D is $6,993,000.

d.      Defendant Parcel E, subject of the condemnation action, is real property comprising 8,857 square feet, more or less, known as Lots 804, 805, and 845 in Square 702 in the District of Columbia and more specifically described in Exhibit E, and as shown in the accompanying plan set forth in Exhibit E-1. The estate in

4

Defendant Parcel E taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel E is $1,620,000.

e.      Defendant Parcel H, subject of the condemnation action, is real property comprising 17,994 square feet, more or less, known as Lot 846 in Square 702 in the District of Columbia and more specifically described in Exhibit H, and as shown in the accompanying plan set forth in Exhibit H-1. The estate in Defendant Parcel H taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel H is $3,152,000.

f.      Defendant Parcel J, subject of the condemnation action, is real property comprising 2,662 square feet, more or less, known as Lots 854 and 856 in Square 702 in the District of Columbia and more specifically described in Exhibit J, and as shown in the accompanying plan set forth in Exhibit J-1. The estate in Defendant Parcel J taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel J is $521,000.

g.      Defendant Parcel K, subject of the condemnation action, is real property comprising 12,721 square feet, more or less, known as Lots 855 and 868 in Square 702 in the District of Columbia and more specifically described in Exhibit K, and as shown in the accompanying plan set forth in Exhibit K-1. The estate in Defendant Parcel K taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum

of money estimated to be just compensation for Defendant Parcel K is $2,045,000.

h.      Defendant Parcel M, subject of the condemnation action, is real property comprising 36,707 square feet, more or less, known as Lots 870 and 871 in Square 702 in the District of Columbia and more specifically described in Exhibit M, and as shown in the accompanying plan set forth in Exhibit M-1.  The estate in Defendant Parcel M taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property.  The sum of money estimated to be just compensation for Defendant Parcel M is $6,105,000.

i.      Defendant Parcel N, subject of the condemnation action, is real property comprising 9,588 square feet, more or less, known as Lot 5 in Square 703 in the District of Columbia and more specifically described in Exhibit N, and as shown in the accompanying plan set forth in Exhibit N-1.  The estate in Defendant Parcel N taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property.  The sum of money estimated to be just compensation for Defendant Parcel N is $1,793,000.

j.      Defendant Parcel P, subject of the condemnation action, is real property comprising 9,588 square feet, more or less, known as Lot 8 in Square 703 in the District of Columbia and more specifically described in Exhibit P, and as shown in the accompanying plan set forth in Exhibit P-1.  The estate in Defendant Parcel P taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property.  The sum of money estimated to be just compensation for Defendant Parcel P is $1,735,000.

k.      Defendant Parcel Q, subject of the condemnation action, is real property comprising 67,119 square feet, more or less, known as Lot 53 in Square 703 in the District of Columbia and more specifically described in Exhibit Q, and as shown in the accompanying plan set forth in Exhibit Q-1. The estate in Defendant Parcel Q taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel Q is $10,994,000.

l.      Defendant Parcel R, subject of the condemnation action, is real property comprising 53,418 square feet, more or less, known as Lot 54 in Square 703 in the District of Columbia and more specifically described in Exhibit R, and as shown in the accompanying plan set forth in Exhibit R-1. The estate in Defendant Parcel R taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel R is $8,740,000.

m.      Defendant Parcel T, subject of the condemnation action, is real property comprising 88,595 square feet, more or less, known as Lot 11 in Square 704 in the District of Columbia and more specifically described in Exhibit T, and as shown in the accompanying plan set forth in Exhibit T-1. The estate in Defendant Parcel T taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel T is $13,820,000.

n.      Defendant Parcel U, subject of the condemnation action, is real property comprising 88,100 square feet, more or less, known as Lot 15 in Square 705 in the

District of Columbia and more specifically described in <u>Exhibit U,</u> and as shown in the accompanying plan set forth in <u>Exhibit U-1</u>. The estate in Defendant Parcel U taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel U is $13,625,000.

o.    Defendant Parcel V, subject of the condemnation action, is real property comprising 3,233 square feet, more or less, known as Lot 802 in Square 706 in the District of Columbia and more specifically described in <u>Exhibit V,</u> and as shown in the accompanying plan set forth in <u>Exhibit V-1</u>. The estate in Defendant Parcel V taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel V is $294,000.

p.    Defendant Parcel W, subject to the condemnation action, is real property comprising 57,567 square feet, more or less, known as Lots 806, 807, and 808 in Square 706 in the District of Columbia and more specifically described in <u>Exhibit W,</u> and as shown in the accompanying plan set forth in <u>Exhibit W-1</u>. The estate in Defendant Parcel W taken is an estate in fee simple absolute, including without limitation any and all rights, claims, or interests in and to the Property. The sum of money estimated to be just compensation for Defendant Parcel W is $7,253,000.

4. The sum of money estimated to be just compensation for the Properties taken, including all interests therein, is EIGHTY-THREE MILLION, NINE HUNDRED

THIRTY-TWO THOUSAND DOLLARS ($ 83,932,000.00); said sum is deposited

herewith into the Registry of this Court for the use of the persons entitled thereto.

      **IN WITNESS WHEREOF**, the District of Columbia has caused this Declaration

of Taking to be signed in its name this 25th day of October 2005, in the City of

Washington, District of Columbia.

                            THE DISTRICT OF COLUMBIA


                            _____
                            ANTHONY A. WILLIAMS
                            MAYOR

# EXHIBIT 2

**washingtonpost.com**

# D.C. Seizes 16 Owners' Property for Stadium

### As Negotiations With City Continue, Tenants Given Three Months to Vacate Land in Southeast

By David Nakamura
Washington Post Staff Writer
Wednesday, October 26, 2005; B01

Advertisement



**Open a Capital One High Yield Savings Account today!**

- 3.75% APY
- No minimum balance
- No fees
- Links to your existing checking account

MEMBER FDIC

The District government filed court papers yesterday to seize $84 million worth of property from 16 owners in Southeast, giving them 90 days to leave and make way for a baseball stadium.

By invoking eminent domain, city officials said last week, they hope to keep construction of the Washington Nationals' ballpark on schedule to open in March 2008. The city exercised its "quick take" authority, in which it takes immediate control of the titles to the properties.

Under law, the property owners and their tenants must vacate the land within three months unless a judge declares the seizure unconstitutional.

In papers filed in D.C. Superior Court, city attorneys said: "The Properties subject of this action . . . are taken for an authorized municipal use, namely the construction and operation of a publicly owned baseball stadium complex."

A spokeswoman from the D.C. attorney general's office did not respond to a message left for her yesterday evening.

In all, 23 property owners control 14 acres at the stadium site near South Capitol Street and the Navy Yard along the Anacostia River.

City officials said they have agreed to buy land from seven owners, who were not named in the court filing. The city had offered them a total of $13 million, but it is not known whether that was the final sale price.

The other 16 property owners have not agreed to sell, and their holdings include some of the largest and most expensive properties: an asphalt plant, a trash transfer station and adult-oriented businesses.

Negotiations are continuing, city officials said. But M. Roy Goldberg, an attorney for Eastern Trans-Waste, the trash transfer station that the city valued at $8.7 million, said yesterday that the company intends to fight.

The company's owners have told the city their property is worth $14.3 million, plus $18 million if they cannot find another site.

"We're going to fight the amount of the taking and the way they've gone about doing it," Goldberg said. "I don't think they've been negotiating in good faith since Day One."

The city deposited the $84 million in a court-monitored trust. Property owners have 20 days to challenge

the constitutionality of the takeover. As long as the District can show that the land was taken for a legitimate public purpose, the court probably will have no objections, land-use lawyers said.

Some activists have argued that the stadium is a private project for Major League Baseball, but District leaders say the $535 million project will create significant tax revenue. Developers have snatched up land just outside the stadium plot in anticipation of a waterfront revival, and the city is planning to create a "ballpark district" featuring restaurants and retail.

If the court does not block the city's action, property owners can continue to negotiate with the city, but in lieu of an agreement, a jury would ultimately decide the sale prices. But that could happen months, even years, after the owners are forced to leave, land-use lawyers said.

The city's offers for the land are about 2 1/2 times as high as the amounts that it had assessed the properties to be worth for tax purposes last year. But some owners said they want more money because owners of property just outside the stadium land have received higher offers from developers.

Patricia Ghiglino, who owns an art studio assessed by the city at $1.7 million, said yesterday that she is meeting with city officials Nov. 14 to discuss the offer. She said she has hired an appraiser to conduct an independent analysis of how much money her property is worth.

"I don't know if the city will want to avoid litigation and just come up clean," Ghiglino said. "But if they decide they don't want to agree with our appraiser, then I guess I don't have too much recourse" but to let the court decide.

Ghiglino, who has been in her property 15 years, said she felt strange that the city now controls the title to her land.

"I've cried so many days since this first came up" last year, she said. "It was very, very personal to me. We created the center. I worked 60 to 90 hours a week here, on Saturdays and Sundays. This became not just a business but also my home. . . . At end, this just becomes a business issue. I have to look for ways that are best for me personally. But we will continue the center regardless of where we go. That's our mission."

© 2005 The Washington Post Company

# EXHIBIT 3



Bad Credit Refinance for October 24, 2005

# The Washington Times

www.washingtontimes.com

## Landowners face deadline today

By Robert Redding Jr.
THE WASHINGTON TIMES
Published October 21, 2005

Today is the deadline for property owners in Southeast to comply with the D.C. government's demand that they give up their land for the District's proposed Major League Baseball stadium, but club owner Robert Siegel says he plans to keep fighting.

"I am scared to death," said the landlord of many of the neighborhood's homosexual strip bars and adult theaters. "And I have lost a tremendous amount of business, and right now we don't even know if the stadium is going to be moved or relocated to RFK Stadium. That's what I want. That's what I am hoping for. And at the end of November, I will find out."

D.C. Mayor Anthony A. Williams this week ruled out the RFK option, which some D.C. Council members have suggested as a money-saving alternative. The stadium is being used as the temporary home for the Washington Nationals.

D.C. Council Chairman Linda W. Cropp, at-large Democrat, said she will block other council members from making any major changes to the deal because it was derived from an agreement signed with Major League Baseball requiring the District to build a new ballpark in Southeast by March 2008.

The District has informed Mr. Siegel and 22 other property owners on the 21-acre ballpark site that they will have to move as soon as next week, or the District could exercise its eminent domain powers.

Mr. Siegel, 55, owner of Glorious Health and Amusement, an X-rated homosexual movie house and video store, said his attorney is asking for an injunction.

"The assessment is bananas." said Mr. Siegel, who is an Advisory Neighborhood Commission member and has been in the warehouse area since 1979. "The city has offered me $6.7 million, and $6.7 million dollars doesn't buy you diddly.

"This is my home," he said. "If I lose my house because of baseball, I lose my commission, how about that."

Mary Pacaco, manager of N Street's nearly 17-year-old Quality Carry-Out, said the deadline sneaked up on her.

"We are scared because we don't know where we are going to go," she said, pointing out that the restaurant was built around the steady influx of nearby blue-collar workers.

Neighbor Joe Woodridge, who has run District Transmission for 37 years, said he may not relocate his business in the District at all.

"I am thinking about moving to New Orleans," said Mr. Woodridge, 65, who has bought a house in the Big Easy. "That's my home, and my wife wants me to retire."

Robin Marshall, who is one of about 50 employees at Connecticut-based Lane Construction's Senate Asphalt division on P Street, also said it would be difficult to relocate.

"Most of our work is in the city, so we don't want to be too far away from D.C.," Mrs. Marshall said. "We know we are going to have to move, but in order to find a facility that will facilitate the size we need we would probably have to go ... too far south."

City officials said they have struck a deal with one landowner at the ballpark site but that most others have been either unwilling to sell or have not responded.

Most landowners have been offered about three times the amount at which properties were assessed, but many have resisted selling because the rise in land values around the ballpark site have outpaced the city's offers.

D.C. officials have said they would like to secure ownership of the land by Dec. 31, with construction on the stadium to begin in March.

Copyright © 2005 News World Communications, Inc. All rights reserved.

Return to the article



Click Here For Commercial Reprints and Permissions
Copyright © 2005 News World Communications, Inc.

# EXHIBIT 4



# The Washington Times

www.washingtontimes.com

## Williams defends Anacostia site for ballpark

By Robert Redding Jr. and Tim Lemke
THE WASHINGTON TIMES
Published October 20, 2005

D.C. Mayor Anthony A. Williams yesterday said he is on "alert status" about building a $535 million ballpark along the Anacostia River, as the city government is set to use eminent domain as soon as next week to acquire land for the new stadium.

During his weekly briefing yesterday, Mr. Williams ruled out developing the area around RFK Stadium for Major League Baseball -- which some D.C. Council members have suggested as a money-saving alternative. The stadium currently is being used as the temporary home for the Washington Nationals.

"RFK is not a slam-dunk," Mr. Williams said, noting that efforts to build a new stadium for the Washington Redskins in that area failed. "That is a very difficult site."

The mayor was responding to concerns among council members over the District's financing for and construction of the ballpark.

The District is awaiting approval of a financing plan calling for a $246 million upfront payment from Deutsche Bank in exchange for a lease payment and revenue from the stadium.

The rest of the ballpark would be paid for by the issuance of municipal bonds. Wall Street has refused to grant an investment-grade rating on the bonds until the city fixes certain technical problems with the plan.

Some council members said they think this is an opportunity to revisit the plan to lower the city's costs.

But D.C. Council Chairman Linda W. Cropp, at-large Democrat, said she will block other council members from making any major changes to the deal because it was derived from an agreement signed with Major League Baseball requiring the District to build a new ballpark in Southeast by March 2008.

City officials informed the 23 landowners at the 21-acre ballpark site that they must sell their property to the city by tomorrow or have it taken through eminent domain.

That means the District could begin acquiring properties through eminent domain by next week, though it is likely to try to close any deals that are being negotiated.

Mr. Williams, a Democrat who is not seeking a third term, has been pushing for the Anacostia River location because it is key to his waterfront development initiative.

"When you consider the sum cost already put into this site, all of the time and effort and money," he said. "I think you will find ... there is no longer any comparison."

He also said he wants MLB to select a new owner for the Nationals soon to help move along development of a stadium.

MLB said it could vote on the ownership by next month but will not announce an owner until it has finalized a lease agreement with the District.

Mr. Williams said he does not favor an ownership group led by Jeff Smulyan, chief executive officer of Emmis Communications, which is based in Indianapolis.

"I have a concern that he [Mr. Smulyan] isn't in the city," the mayor said. "I have a concern that his participation in and of itself is diluted by corporate investment, in other words his investment [is] out of town [and] is not even his personally.

"The last thing I want is some far-and-distant corporation having a major stake, control and direction over the baseball franchise," Mr. Williams said.

Mr. Smulyan is considered one of the front-runners to land the team, along with a group led by D.C. businessmen Fred Malek and Jeffrey Zients and another by the Lerner family, which owns a large real estate company in Bethesda.

MLB is reviewing a total of eight bids.

Meanwhile, city officials said they have struck a deal with one landowner at the ballpark site but that most others have been either unwilling to sell or have not responded.

Most landowners have been offered about three times the amount at which properties were assessed, but many have resisted selling because land around the ballpark site has risen sharply in value in anticipation of the stadium.

D.C. officials have said they would like to secure ownership of the land by Dec. 31, with construction on the stadium to begin in March.

Copyright © 2005 News World Communications, Inc. All rights reserved.

**Return to the article**

 **Click Here For Commercial Reprints and Permissions**
Copyright © 2005 News World Communications, Inc.