IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 05-1413 (RJR) |

### SUPPLEMENTAL MEMORANDUM OF DEFENDANTS DISTRICT OF COLUMBIA AND ANTHONY A. WILLIAMS IN SUPPORT OF MOTION TO DISMISS AND FOR STAY OF DISCOVERY

Defendants District of Columbia and Anthony A. Williams (the "District") respectfully submit this supplemental memorandum to advise the Court of a development yesterday which reinforces their motions for dismissal of the complaint and a stay of discovery pending disposition of the District's motion to dismiss.

The District yesterday filed in the District of Columbia Superior Court a Complaint in Condemnation, and a Declaration of Taking, under District of Columbia law as to those properties whose owners have not reached agreement with the District to sell them voluntarily. *District of Columbia v. 521,025 Square Feet in the District of Columbia, More or Less, et al.,* Civ. Action No. 05-8505.[1]  The properties of the plaintiffs in the case in this Court are included in the condemnation complaint and, indeed, Southeast Land Development Associates L.P. is a named party.  The condemnation complaint and declaration of taking of all the properties subject of the complaint were accompanied by the deposit in the Registry of the Superior Court of a total

---

[1]  See Complaint in Condemnation and Declaration of Taking, attached hereto.

of $83,932,000 as just compensation for the properties taken. Under the District's so-called "quick take" statute, D.C. Official Code § 16-1314(b) (2001), the filing and deposit have the legal effect of transferring title to these properties to the District, subject to the rights of the property owners in defending the eminent domain proceeding.

This event supports both our motion to dismiss and our motion to stay discovery pending decision of the motion to dismiss. We discuss each in turn.

1. <u>The Motion to Dismiss.</u>  We argued to the Court that plaintiffs have not presented, and cannot present, a case for equity jurisdiction because, among other reasons, they have a plain and adequate remedy at law -- just compensation under the Fifth Amendment to the U.S. Constitution and the District's eminent domain statute, coupled with the right to defend the eminent domain proceedings and raise any defenses they may have in that proceeding. *See* Memorandum in support of our motion to dismiss at 14-18.

The filing of this condemnation complaint and the declaration of taking makes clear beyond any dispute that plaintiffs have such a plain and adequate remedy at law. The Superior Court case will proceed under Rule 71A of the Superior Court Rules of Civil Procedure which authorizes, indeed requires, a defendant who "has any objection or defense to the taking of the property" to serve an answer stating "all the defendant's objections and defenses to the taking of the property." Rule 71A(e).

We analyzed the Superior Court rule together with its virtually identical counterpart, Federal Rule of Civil Procedure 71A, to show that the issues plaintiffs have sought to raise in the present case to prevent the taking of their property are available to them in defending the Superior Court proceeding. *See* memorandum in support of our motion to dismiss at 16-17, and cases cited therein. As we concluded, "[t]hus, plaintiffs have a fully adequate remedy in an

2

eminent domain proceeding, if one eventually occurs, both to try to contest the taking of their property and to just compensation if they are unsuccessful in their contest." Defendants' Memorandum at 18.

Now that the eminent domain proceeding has commenced in the Superior Court, the lack of equity jurisdiction in this Court is even more manifest, and the motion to dismiss should be granted on that ground alone, in addition to the other grounds we have advanced in the motion.

2. <u>The Motion to Stay.</u>  This motion also is even stronger with the filing of the condemnation complaint and declaration of taking.  As the Court knows, plaintiffs have served two third-party deposition subpoenas *duces tecum*, one on Major League Baseball, and one on the District's appraiser, in an effort to obtain discovery on matters which will surely arise in the eminent domain proceeding if and when plaintiffs contest the District's authority for the taking.  There are pending motions to quash and for protective orders as to both subpoenas, in addition to our pending motion to stay discovery pending decision of our motion to dismiss.

In substance and effect, what plaintiffs are attempting is an end-run around the discovery processes of the Superior Court by their campaign to obtain discovery in the present case.  The law discourages such parallel proceedings, especially in the context of eminent domain, and there is no justification for allowing it here.  It is a firmly settled principle that, in cases based on *in rem* jurisdiction -- as eminent domain is -- the court that first acquires jurisdiction over the *res* generally has exclusive jurisdiction to proceed.  17A Moore's Federal Practice, Section 120.20[3], at 120-45 (3rd ed. 2005), and cases therein cited.  In this case, as a result of the District's eminent domain statute, with title passing to the District on filing of the condemnation complaint and declaration of taking, and deposit of the money in the Superior Court registry, the Superior Court has jurisdiction over the *res*, that is, the property in question.  *See also* 17A

Moore, *supra*, Section 121.07[2][d][ii], at 121-31, and cases therein cited. Indeed, as a matter of comity alone, this Court would defer to the Superior Court as long as there is adequate opportunity to raise any federal questions in the local court proceedings, as there clearly is here. 17A Moore, *supra*, Section 120.22[5][b], at 120-61-62, and cases cited therein. The federal courts have been vigilant to bar declaratory and injunctive relief against condemnation proceedings in local courts. *See*, *e.g.*, *Martingale LLC v. City of Louisville*, 361 F.3d 297, 303 (6th Cir. 2004).

Accordingly, this Court should stop plaintiffs' attempt at an end-run around the local proceedings, and remit them to the procedures of the Superior Court in eminent domain. Granting our motion to dismiss would, of course, moot the entire discovery controversy in this Court. Alternatively, granting the motion to stay discovery until decision of the motion to dismiss would avoid the discovery disputes for now and perhaps altogether, while the eminent domain case proceeds in the Superior Court.

Dated: October 26, 2005

                                               Respectfully submitted,
ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia
GEORGE C. VALENTINE
Deputy Attorney General in Charge of the Civil Division

EDWARD TAPTICH
Section Chief, Equity II

/s/ Daniel A. Rezneck
DANIEL A. REZNECK, D.C. Bar No. 31625
Senior Assistant Attorney General
441 4th St., N.W., 6th Floor South
Washington, DC  20001
(202) 724-5691
(202) 727-6365 (fax)
Counsel for Defendants