UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ) <br> ASSOCIATES, L.P., et al. ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et al. ) <br> ) <br> Defendants ) <br> _____) | C.A. No. 05-1413 (RWR) |

**MOTION BY NON-PARTY BASEBALL EXPOS, L.P. TO QUASH
OR MODIFY SUBPOENA REQUESTING DISCOVERY BY OCTOBER 25, 2005**

Non-party Baseball Expos, L.P., known as the Washington Nationals ("Nationals"), through counsel, moves pursuant to Fed. R. Civ. P. 45(c)(1) and (3) to quash or modify a subpoena issued to it by Plaintiff seeking the production of documents and the appearance of a designee to provide deposition testimony on October 25, 2005. Non-party the Nationals seek to quash or modify the subpoena on several grounds including:

- The Defendants in this action filed a motion to dismiss all counts in the complaint on July 22, 2005 which is still pending;

- The Defendants also filed a motion for a stay of discovery on October 12, 2005 pending a decision by the Court on their motion to dismiss, which motion for stay has not yet been responded to or opposed by Plaintiffs;

- The subpoena subjects the Nationals to undue burden because, among other reasons, the Plaintiffs seek discovery from the Nationals and purportedly from Major League Baseball (as requested in the subpoena) seeking information that is obtainable from Defendants, but no discovery has been sought from those Defendants; and

- The subpoena also subjects non-party the Nationals to undue burden because it seeks information that is irrelevant to and outside the scope of the allegations in Plaintiff's Complaint that the Defendants have failed to comply with District of Columbia legislation relating to potential costs for a new proposed baseball stadium.

Based on the foregoing and the grounds set forth in the attached Memorandum of Points and Authorities, non-party the Nationals respectfully requests that the subpoena be quashed or modified including to require compliance, if at all, only after the Court has ruled on the pending motions to stay discovery and/or to dismiss because the granting of either motion will render the subpoena moot and relieve non-party the Nationals of any obligation to respond.

Dated: October 24, 2005

Respectfully submitted,

*/s/ Paul R. Monsees/*

Paul R. Monsees, D.C. Bar No. 367138
Akita Adkins, D.C. Bar No. 489446
FOLEY & LARDNER, LLP
Suite 500
3000 K Street, N.W.
Washington, D.C. 20007
(202) 672-5300

Counsel for Non-Party Washington Nationals/
Baseball Expos, L.P.

### LCvR7 (m) CERTIFICATE

I HEREBY CERTIFY that undersigned counsel for the moving party, Baseball Expos, L.P. conferred with Plaintiffs' counsel by telephone on October 19, 2005 and via telephone and email on October 20, 2005 attempting to resolve the issues presented in this Motion.

*/s/ Paul R. Monsees/*

Paul R. Monsees

WASH_1484026.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Motion by Non-Party Baseball Expos, L.P. to Quash or Modify Subpoena Requesting Discovery by October 25, 2005, the Memorandum of Points and Authorities and proposed Order were served, via electronic mail and hand-delivery, this 24th day of October, 2005 on:

Barry M. Hartman, Esq.
Kirkpatrick & Lockhart, Nicholson Graham
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036

Daniel A. Rezneck, Esq.
Assistant Attorney General
Office of the Attorney General
One Judiciary Square
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

/s/ Paul Monsees
_____
Paul R. Monsees
Counsel for non-party Baseball Expos, L.P.

WASH_1484026.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al.<br><br>Plaintiffs<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>Defendants | C.A. No. 05-1413 (RWR) |

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION BY
NON-PARTY BASEBALL EXPOS, L.P. TO QUASH OR
MODIFY SUBPOENA REQUESTING DISCOVERY BY OCTOBER 25, 2005

Pursuant to Fed. R. Civ. P. 45(c)(1) and (3), non-party Baseball Expos, L.P. known as the Washington Nationals (the "Nationals"), through counsel, seeks to quash or modify the subpoena served upon it on October 11, 2005 by Plaintiff Southeast Land Development Associates, L.P., *et al.* The subpoena seeks non-party discovery through the production of documents and the appearance of a designee to testify about numerous topics on Tuesday, October 25, 2005 in this action. A copy of the subpoena is attached hereto as Exhibit 1. Plaintiffs' efforts to obtain information from non-party the Nationals is premature and subjects the Nationals to undue burden in numerous respects. Plaintiffs have also failed to allow reasonable time for compliance to the extent any response to the subpoena is warranted.[1]

---

[1] Plaintiffs also served an identical subpoena on October 18, 2005 on the Office of the Commissioner of Major League Baseball seeking the same documents and testimony four business days later on Monday, October 24, 2005. The non-parties, the Nationals and Major League Baseball, and Plaintiffs have agreed to defer a response to the New York subpoena depending, in part, upon the resolution of this Motion.

WASH_1484031.1

I. <u>The Subpoena is Premature and Subjects the Nationals to Undue Burden Because There Are Pending Motions to Dismiss and a Motion to Stay Discovery</u>

Non-party the Nationals understands that this action was filed on July 15, 2005 along with a request by Plaintiffs for entry of a temporary restraining order and/or preliminary injunction. The Defendants immediately filed a motion to dismiss all claims in the complaint for a lack of subject matter jurisdiction including lack of standing and ripeness, and other grounds, which motion is still pending. The Court denied Plaintiffs requested injunctive relief on August 5, 2005 from the bench and issued an order on August 8, 2005 which stated, *inter alia*, that Plaintiffs' allegations did "not rise to the level of a substantive due process violation claim."[2] The Defendants' motion to dismiss, if granted, would make the subpoena moot and relieve the Nationals of any obligation to respond.

In addition, the Defendants filed on October 12, 2005 a motion for a stay of discovery pending decision by the Court on the Defendants' motion to dismiss. That motion refers to the legion of cases in the District of Columbia and elsewhere, including from this Court, which have held that it is an appropriate exercise of a court's broad discretion and inherent power to stay discovery while a motion that would be dispositive of all claims in a complaint is pending. The period of time within which the Plaintiffs must respond has not expired; therefore, the Court – to our knowledge – has not yet had an opportunity to rule on that motion. Non-party the Nationals also understands that there are no pending trial or discovery deadlines, only those proposed by Plaintiff in the parties' recent Rule 26(f) report. Moreover, the cases approving the

---

[2] A similar suit was filed by different plaintiffs on substantially similar grounds in the Superior Court of the District of Columbia. The court granted a motion to dismiss by the same defendants on June 15, 2005 because the plaintiff landowners had an adequate remedy at law through the District of Columbia eminent domain law, the equitable relief sought was not ripe because the District of Columbia had not yet invoked eminent domain powers and because the baseball stadium financing legislation which the plaintiffs alleged was disregarded by the District of Columbia government did not create a private right of action. A copy of the Order in that action was attached to Defendants' motion to dismiss in this action.

WASH_1484031.1

Court's inherent power to stay discovery while dispositive motions are pending typically involve discovery pending from parties. Here, Plaintiffs seek to burden non-party the Nationals with discovery, thus creating an additional significant reason why this Court should, at a minimum, quash or modify the subpoena until the Court rules upon the pending motions. *See In re: Cusuamno v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (internal citations omitted) ("It is [ ] noteworthy that the respondents are strangers to the antitrust litigation, insofar as the record reflects, they have no dog in that fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *see also Wyoming v. U.S. Dep.'t of Agriculture*, 208 F.R.D. 449 (D. D.C. 2002).

Since both the dispositive motion to dismiss and motion to stay discovery are pending, and the granting of either one of them would, in effect, quash or modify Plaintiffs' subpoena to non-party the Nationals, it would subject non-party the Nationals to undue burden to require compliance with the subpoena for the production of documents and appearance for a deposition prior to a ruling on the pending motions. It would be a waste of judicial and non-party the Nationals' resources for the Nationals to comply with the subpoena only to have the Court grant either or both of Defendants' motions thereafter.

    II.    <u>Plaintiffs' Subpoena is Premature and Creates an Undue Burden on Non-Party MLB Because it Seeks Discovery and Information The Plaintiffs Can Obtain from the Defendants</u>

Non-party the Nationals understands that the only outstanding discovery in this action is the subject subpoena served upon non-party the Nationals on October 11, 2005 a similar subpoena served upon non-party Office of the Commissioner of Major League Baseball on

3

October 18, 2005 and a subpoena served upon certain appraisers in the District of Columbia. The first two subpoenas seek identical information and testimony. Plaintiffs contend that the information sought from non-parties the Nationals and Major League Baseball relates to their claim that the Defendants failed to adhere to procedures and requirements in legislation enacted in 2004 relating to financing for a proposed new baseball stadium.

Non-party the Nationals understands from counsel for Plaintiffs and the Defendants that Plaintiffs have not yet sought discovery from the Defendants. Therefore, it appears that Plaintiffs seek discovery from non-party the Nationals of information that they could obtain, but have not yet sought to obtain, from the Defendants themselves. For example, the subpoena seeks documents regarding, *inter alia*, communications between the government of the District of Columbia, the D.C. Sports and Entertainment Commission and the Nationals concerning why the particular proposed baseball stadium site was chosen and the consideration of alternative sites, communications "regarding the negotiation, drafting, or implementation" of certain provisions of a written agreement between those parties, and a certain March 22, 2005 report prepared by the Chief Financial Officer of the District of Columbia.[3] Such documents and information should be in the possession of the Defendants. Non-party the Nationals asserts that Plaintiffs, therefore, are subjecting non-party the Nationals to undue burden because they will be required to devote time, effort and expense to producing documents and a witness to testify as to matters that in all likelihood will be duplicative of information to be produced by the Defendants. Under these circumstances, requiring the production of documents and any related deposition testimony first would subject non-party the Nationals to undue burden and expense.

---

[3] *See* Attachment A to Exhibit 1 hereof at ¶¶ 1, 2 and 5.

III. <u>The Court Should Quash or Modify the Subpoena Because it Seeks Information That is not Relevant to the Claims Pending in the Litigation</u>

Plaintiffs seek equitable relief from the Defendants for the alleged violation of Plaintiffs due process rights arising out of potential condemnation of their real estate according to District of Columbia legislation relating to land acquisition and construction of a proposed new baseball stadium in the District of Columbia. In particular, Plaintiffs assert that the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2004 (D.C. Code. Ann. § 3-1401) and the Ballpark Omnibus Financing and Revenue Act of 2004 (D.C. Code Ann. § 10-1601) (collectively referred to as the "Ballpark Financing Legislation") provide that there is only a permitted public purpose to build a stadium on or near Plaintiffs' property if the estimated cost to the District of Columbia to acquire land and certain infrastructure does not exceed a specific dollar cap. Plaintiffs assert that if the costs exceed the cap, the Ballpark Financing Legislation prohibits the Defendants from taking Plaintiffs' property for the purpose of building a baseball stadium. Plaintiffs also assert that the estimate prepared on behalf of the Defendants for such land acquisition and infrastructure for less than the cap is defective and understated.

In other words, Plaintiffs' Complaint relates to the process and valuation/appraisal techniques used by the Defendants to arrive at the land acquisition and infrastructure value. For example, Plaintiffs assert that the Ballpark Financing Legislation mandates that a separate appraisal be performed for each parcel of land to be acquired, but that all such appraisals were not obtained. They also asset that environmental remediation costs were not properly determined. Plaintiffs allege that such failures impact their property rights.

However, the subpoena served upon non-party the Nationals seeks information well outside of the scope of that Complaint, including about property other than the proposed stadium site. As noted above, the subpoena seeks documents and testimony about how and why

5

the proposed baseball stadium site on or near Plaintiffs' property was chosen and about consideration of other sites unrelated to Plaintiffs' property.[4] The Complaint, though, relates to the estimate for land acquisition and related costs for the proposed baseball stadium site. Why that site was selected, or whether others were considered, is not relevant to determining whether the Defendants complied with the Ballpark Financing Legislation requirements for developing the estimate.

Plaintiffs also seek information about the "negotiation, drafting or implementation" of certain provisions in a 2004 contract between the District of Columbia, the D.C. Sports and Entertainment Commission and the Nationals as well as documents relating to any contracts or agreements between non-party MLB and accounting firm Deloitte & Touche LLP, including for consulting or audit services which are unrelated to Plaintiffs' dispute with the Defendants. Neither the 2004 contract nor Deloitte & Touche are even mentioned in the 3-count, 14-page Complaint, thus demonstrating their irrelevance.

For all of the foregoing circumstances, the Nationals would be subject to undue burden to be forced to respond and to provide such irrelevant information.

IV.    The Subpoena Should be Quashed or Modified Because it Fails
       to Allow a Reasonable Time for Compliance

The subpoena was served upon non-party the Nationals on October 11, 2005 requesting appearance at a deposition and the production of documents on October 25, 2005. Counsel for non-party the Nationals discussed the subpoena with Plaintiffs' counsel on October 19, 2005 and October 20, 2005 and the other procedural and substantive issues raised above. Counsel asked whether Plaintiffs would agree to postpone the time for the Nationals to respond,

---

[4] *See* Attachment A to subpoena at item 1.

if at all, until after the resolution of the pending motions to dismiss and to stay discovery by the Court. Plaintiffs would not do so. The requested non-party discovery does not appear to be urgent because Plaintiffs have sought no discovery from the Defendants, despite having filed the case in July 2005 and having had their motion for temporary restraining order denied on August 5, 2005. If this was urgent, one would have expected Plaintiffs to pursue discovery from the Defendants in the 10 weeks since that decision or at least to have accelerated the filing of their Rule 26 report. In addition, no trial date has been set nor has any scheduling order setting a discovery cut-off date been established or agreed upon. Under these circumstances, requiring non-party the Nationals to produce documents and a designee to testify on October 25, 2005 is unreasonable and burdensome.

V. <u>The Subpoena Should be Quashed or Modified Because it Requests Disclosure of Privileged or Other Protected Matter and There is no Exception or Waiver Applicable</u>

To the extent that the subpoena seeks information about subjects such as the consideration of alternative sites for a baseball stadium in the District of Columbia, the negotiation, drafting or implementation of certain provisions of a contract, and other topics, non-party the Nationals, was represented by counsel. Therefore, the subpoena seeks information that is protected from disclosure by the attorney client and other applicable privileges and the subpoena should be modified to make clear that non-party the Nationals need not produce such materials.

Conclusion

For all of the foregoing reasons, non-party the Nationals respectfully requests that the Court quash the referenced subpoena or, in the alternative, modify the subpoena as requested herein including, but not limited to, to extend the date by which non-party the Nationals must

7

produce documents or appear for a deposition, if at all, until after the Court rules upon the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and/or the pending Motion of Defendants District of Columbia and Anthony A. Williams for a Stay of Discovery Pending Decision by the Court on Defendants' Motion to Dismiss.

Dated: October 24, 2005

Respectfully submitted,

*/s/ Paul R. Monsees*

Paul R. Monsees, D.C. Bar No. 367138
Akita Adkins, D.C. Bar No. 489446
FOLEY & LARDNER, LLP
Suite 500
3000 K Street, N.W.
Washington, D.C. 20007
(202) 672-5300

Counsel for Non-Party Baseball Expos, L.P.

8

WASH_1484031.1