AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ Columbia

Southeast Land Development
Associates, L.P., et al.

V.

The District of Columbia, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] Civ. Act. No. 05-1413(RJR)

TO: Washington Nationals/Baseball Expos, L.P., c/o Custodian of Records
2400 E. Capitol St. SE, Washington, DC 20003-1700

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham, 1800 Massachusetts Ave NW, Washington, D.C. 20036 | Oct. 25, 2005 at 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham, 1800 Massachusetts Ave NW, Washington, D.C. 20036 | Oct. 25, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Barry Hartman    Attorney for Plaintiffs | 10/11/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Barry Hartman, 1800 Massachusetts Ave NW, Washington, D.C. 20036, 202-778-9338

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4:34 10.11.05 | 2400 East Capitol St. SE WDC |
| SERVED ON (PRINT NAME) Tanya Johnson | | MANNER OF SERVICE in hand |
| SERVED BY (PRINT NAME) Charles Johnson | | TITLE Court Clerk |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  10-11-05
DATE

SIGNATURE OF SERVER  Charles Johnson

ADDRESS OF SERVER  1800 Mass. Ave NW Washington DC 20036

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>Southeast Land Development Associates, L.P., et al. v. District of Columbia, et al.</u>,
C.A. No. 05-1413 (RJR)

## ATTACHMENT A

### Subject Matter of Inquiry and Document Production Request

This subpoena duces tecum is directed to Major League Baseball and Baseball Expos, L.P. (as those entities are defined or referenced in the Baseball Stadium Agreement identified in paragraph 1 below) and seeks documents[1] as defined by the Federal Rules of Civil Procedure that contain information on the following subjects and, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, further seeks a witness or witnesses competent to testify regarding the following topics:[2]

1. The "Baseball Stadium Site" as described in the September 29, 2004 Baseball Stadium Agreement (hereafter, "Agreement") between the Government of the District of Columbia, the D.C. Sports and Entertainment Commission, and Baseball Expos, L.P., (hereinafter "Major League Baseball") including, but not limited to:

    a. How and why such site was chosen; and

    b. Consideration or discussion of alternative sites.

2. All communication[3] regarding the negotiation, drafting, or implementation of the following provisions of the Agreement:

    a. Section 4.01 of the Agreement relating to the phrase "unless the parties mutually determine that some other site should be selected instead."

    b. Sections 7.01 and 7.02.

    c. Sections 8.02(iii)

    d. Section 8.03 relating to if "the deadline specified in section 7.01 shall not be met, or the deadline specified in section 7.02 ...shall be missed by more than 24 months."

---

[1] The term "document" as used in these requests for production is intended to encompass any form in which the documentary evidence requested may exist, including the original and all non-identical copies of any letter, correspondence, telegram, fax, memorandum, report, minutes, working papers, computer records, electronic computer data, notes, books, textbooks, publications, manuscripts, articles, ledgers, accounts, financial statement, operating statements, tapes recordings, cassette recordings, statements, photographs, microfilm, contracts, maps, drawings, diagrams, graphs, charts, checks, releases, applications, sketches, papers, records, and any other written, typed or recorded material of any nature whatsoever.

[2] The terms "and," as well as, "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

[3] "Communication" means any oral, written, or electronic statement of any kind conveyed by one person to another person through any means, any statement made by one person in the presence of one or more other persons, and/or any document delivered by or for one person to another person.

<u>Southeast Land Development Associates, L.P., et al. v. District of Columbia, et al.</u>,
C.A. No. 05-1413 (RJR)

3. All communication regarding any action, effort, or plan of the District of Columbia to comply with section 3 of the Private or Alternative Stadium Financing and Cost Trigger Emergency Act of 2004, including, but not limited to:

   a. Communication relating to any concern that the re-estimate referred to in such Act might exceed $165,000,000.

   b. Communication relating to any effort to ensure that the re-estimate referred to in such Act does not exceed $165,000,000.

4. Communication regarding any action, effort or plan to comply with section 107 of the Ballpark Omnibus Financing and Revenue Act of 2005, including but not limited to:

   a. Communication relating to any concern that the re-estimate referred to in such Act might exceed $165,000,000.

   b. Communication relating to any effort to ensure that the re-estimate referred to in such Act does not exceed $165,000,000.

5. Communication regarding <u>Southeast Land Development Associates, L.P., et al. v. District of Columbia, et al.</u>, C.A. No. 05-1413 (RJR).

6. The report titled "District of Columbia Office of the Chief Financial Officer Land Acquisition Cost Study, March 22, 2005" prepared by the Chief Financial Officer of the District of Columbia, including, but not limited to, any communication regarding such report.

7. Any contract or agreement between Major League Baseball and Deloitte & Touche LLP or any of its related business entities, including, but not limited to, contracts or agreements for the performance of consulting or audit services.