IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHEAST LAND DEVELOPMENT ASSOCIATES, L.P., et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No. 05-1413 (RWR) |
| THE DISTRICT OF COLUMBIA, et al. | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND <u>FOR STAY OF DISCOVERY</u>**

Plaintiffs respectfully submit this Response to Defendants' Supplemental Memorandum In Support of Defendants' Motions to Dismiss and For Stay of Discovery ("Supp. Mem."). Because the Defendants did not seek, nor were they granted, leave to file any further briefing on either the motion to dismiss or the motion to stay discovery, the Court should strike and not even consider the Supplemental Memorandum. Even if the Court were to consider the procedurally-improper pleading, Defendants' attempt to use its recently-filed condemnation proceeding to oust this Court of its proper subject matter jurisdiction over Defendants fails.

**I.    THE COURT SHOULD NOT CONSIDER THE SUPPLEMENTAL MEMORANDUM**

Only upon motion may a party be permitted to submit a supplemental filing.  *See* Fed. R. Civ. P. 15(d).  Defendants failed to seek leave of court prior to filing their Supplemental Memorandum.  Accordingly, the Court should strike Defendants' Supplemental Memorandum and decline to consider it in deciding either the Motion to Dismiss or the Motion to Stay Discovery.

DC-764184 v2

### II. THE CONDEMNATION PROCEEDINGS DO NOT OUST THIS COURT OF JURISDICTION

Even if the Court were to consider the Supplemental Memorandum, there is no basis to dismiss this case or stay discovery based on the condemnation proceedings. On October 25, 2005, the District of Columbia filed an action effectively taking two of the Plaintiffs' properties in condemnation proceedings. As an initial matter, Defendants' contention that this Court has been ousted of its jurisdiction because of the filing of the eminent domain proceedings is wrong. This case had been pending since last summer, and, in fact, this Court has unquestionably exercised personal and subject matter jurisdiction in this case. Consequently, the *in rem* condemnation action in Superior Court cannot divest this Court of such jurisdiction where, as here, only one of the suits is *in rem*. *See S.E.C. v. Banner Fund Int'l*, 211 F.3d 602, 611 (D.C. Cir. 2000) ("Where the judgment sought is strictly *in personam*, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other"). Furthermore, it is well-established that the Defendants cannot oust this Court of its jurisdiction simply through the filing of a later action. *See Peck v. Jenness*, 48 U.S. 612, 625 (1849) ("where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court").

In this case, Plaintiffs seek to vindicate their constitutional rights by enjoining the District to do that which the law requires — adhere to the limited public use determination as set forth in the enabling legislation. Defendants argue that the Court should grant the motion to dismiss because Plaintiffs have a right to "raise any defenses they may have in [the eminent domain proceedings]" and because they have an adequate remedy at law. (Defs.' Supp. Mem. at 2.)

Both arguments fail. As Plaintiffs noted in their opening brief, there can be no adequate remedy of law if there is no valid public purpose for the taking of Plaintiffs' property. *See Lingle v. Chevron,* 544 U.S. __, 125 S. Ct. 2074 (2005) ("no amount of compensation" can authorize government action that "fails to meet the 'public use' requirement or is so arbitrary as to violate due process").

Although Defendants want to lead the Court to believe that Plaintiffs will be able to challenge the authority for the taking in the Superior Court, Defendants are careful ***not*** to actually state that. In fact, Defendants never acknowledge that Plaintiffs will have the right to challenge the authority of the taking as a proper "defense." (*See* Defs.' Supp. Mem. at 2 (stating that Plaintiffs may raise "any defenses ***they may have***" in the condemnation proceedings (emphasis added).)) Indeed, this is not surprising since at least one Superior Court Judge has questioned the ability to do so under the eminent domain statute. *See* Exhibit D to Defendants' Motion to Dismiss, at n.3, *Robert Siegel, Inc. v. District of Columbia*, No. 05ca2770 (D.C. Super. Ct.) (June 15, 2005 Order). This case has been active for months and the parties are prepared to proceed under a schedule that permits a timely trial on the merits. The condemnation pleadings, however, have not even been served. With at least 17 different defendants, that case will inevitably be protracted, drawn-out litigation that will leave Plaintiffs with no opportunity to obtain the appropriate remedy in vindication of their constitutional rights.

With respect to the motion to stay discovery, Defendants argue that the Court should stay discovery because the "plaintiffs are attempting [] an end run around the discovery process of the Superior Court." (Defs.' Supp. Mem. at 3.) Defendants' claim is absurd. Plaintiffs brought this case over three months ago. Defendants did not initiate the Superior Court case until October 25, ***after*** the initiation of the discovery process. Indeed, Defendants at every turn have refused to

directly inform Plaintiffs of the District's actions with respect to the property in question.[1]  The fact that Plaintiffs served subpoenas in accordance with their rights under the Federal Rules of Civil Procedure can hardly be deemed "an end-run around" a case that had not even been initiated.[2]  It is Defendants that are attempting an end run – an end run around this Court's jurisdiction.

In conclusion, Plaintiffs respectfully remind the Court that the Supreme Court has held that there is no adequate remedy at law for government takings that fail to meet the public use requirement.  Until the public use issue is decided on the merits, this Court should deny Defendants' demand that this Court stay discovery and stand down in its jurisdiction over this case.

Dated: October 28, 2005                    Respectfully submitted,

                                           KIRKPATRICK & LOCKHART NICHOLSON
                                           GRAHAM LLP


                                           _____*Christopher E. Dominguez*_____
                                           Barry M. Hartman (D.C. Bar No. 291617)
                                           Charles L. Eisen (D.C. Bar No. 003764)
                                           Christopher E. Dominguez (D.C. Bar No. 460141)
                                           1800 Massachusetts Avenue, N.W.
                                           Washington, D.C.  20036
                                           (202) 778-9000
                                           (202) 778-9100 (fax)

                                           *Counsel for Plaintiffs*

---

[1]  In fact, the District has yet to serve Defendants with the condemnation pleadings.

[2]  If the subpoenaed parties had complied with the subpoenas in a timely fashion, Defendants' could hardly contend Plaintiffs were attempting an end-run around a non-existent proceeding.  Indeed, the Magistrate Judge to whom the Ryland Mitchell Motion to Quash was referred has instructed the non-party to set a date for appearance for the required deposition and to determine if it has responsive documents in its possession.  The Magistrate Judge has not had opportunity to hear the Baseball Expos, L.P. Motion to Quash, as it was just transferred to him yesterday, October 27, 2005.